Cameron et al. vs. The Justices of the Inferior Court, &c.

No. 8.—John A. Cameron et al. vs. The Justices of the Inferior Court of Richmond County, for the use, &c.

## Co-Executors and Administrators.

Co-executors and Administrators are, in the eye of the law, considered as but one person, for many purposes : and the acts of one will be considered as the acts of all, in reference to the administration of the assets.   But one co-executor or administrator cannot be made chargeable with the *devastavit* of his companion, where he has not, *in any manner*, contributed thereto.

No recovery can be had upon an administration-bond against the securities, at the suit of a creditor, until a *devastavit* against the administrator is *first established* according to law.   The liability of the securities is an *ultimate* liability, not *primary*.

This was an action of debt upon the administration-bond of Philip H. Mantz and John A. Cameron, administrators of James Leverich, deceased, and others, their securities, alleging a *joint devastavit* by both of the administrators, and was brought by the defendants in error, for the use of Luther Roll, in the Superior court of the county of Richmond, and came up for trial before Judge Gamble, at the January Term, 1846.   The defendants in error set forth as their cause of action, two several judgments, one of which had been recovered against Mantz alone, and the other against both of the administrators jointly, upon causes of action existing against their intestate, at the time of his death, from which judgments writs of *fieri facias* had been issued, and returned " *nulla bona.*" Upon the trial, the records of these respective recoveries were given in evidence, to prove a *devastavit* by the administrators, so as to charge them and their securities *de bonis propriis.*

Under this state of facts, the plaintiff in error, Cameron, by his counsel, contended that neither he nor the other defendants were liable in this action for the amount of the judgment against Mantz alone, as administrator.

The Judge of the Court below charged the jury that the defendants below (Cameron and the securities), were liable for the amount of said judgment, and a verdict was rendered accordingly.   To which charge and decision of the presiding Judge Cameron excepted.   And now, in the Supreme Court, the plaintiffs in error, by their counsel, assign as grounds of error, committed on the trial of the cause in the court below,

1st. That there was no legal evidence of the said Cameron having committed a *devastavit* in the administration of the estate of James Leverich.

2d. That neither he nor his securities ought to be held liable to the plaintiffs below, until after a judgment against him as administrator.

A. J. Miller, for the plaintiffs in error.

One administrator is not liable for the *devastavit* of the other.—*Toller on Exors.* 430 ; 11 *Johns. Rep.* 16 ; 2 *Ves. Sen. Rep.* 267.   An administrator, or his securities, cannot be made liable, *de bonis propriis*, until after judgment against him, in his representative capacity, and a return of " *nulla bona* " on the execution.—*2 Porter's Rep.* 538.   Even supposing one administrator liable for the other, there is no evidence of a joint *devastavit*, as alleged by the plaintiffs below.

Wm. T. Gould for defendants in error.

Administrators, however many, are *one person* in law.—*Toller*, 37, 243, 359.

One bond is given for both, and each is liable for the acts of the other as *surety*, if in no other way.

The original recovery here, was against one administrator only, though both were sued, one not served : but it made him liable for assets in his hands to be administered. Those assets are not to be found by the sheriff. The administrator then, and his sureties, are liable on the bond. If we cannot recover against all, we can recover against none. The rule contended for would make administrators' bonds valueless; for the absence of one from the State, so that he could not be served with process in an original suit, would prevent all remedy against the other, or the sureties.

*By the Court*—WARNER, Judge.

This action was instituted, upon an administrator's bond, against Philip Mantz and John A. Cameron, administrators of James Leverich deceased, and their securities, alleging a *joint devastavit* by the administrators. To prove such *joint devastavit*, a judgment was offered in evidence, and admitted in the court below, obtained against Mantz *alone*, as the administrator of Leverich, together with an execution which issued thereon, and a return of *nulla bona*, by the sheriff. The error assigned is, that the court below held this judgment against Mantz *alone* was evidence to authorize a recovery against both defendants and their securities, on their administration bond, for the amount of the judgment. The plaintiffs allege a *joint devastavit* against both administrators. Does a judgment against *one* of them establish the affirmative of the issue ? We think not. The allegation is, that the defendants as administrators wasted and eloigned the assets of Leverich. The evidence is, that Mantz wasted and eloigned such portion thereof as came into his hands; but one executor, or administrator, is not liable for the *devastavit* of his co-executor, or administrator, unless he has contributed, in some way, to the *devastavit* of his companion.—*Toller's law of Executors*, 430 ; *Douglass vs. Satterlee*, 11 *Johns. Rep.* 16. It was contended in behalf of the defendants in error, that in the eye of the law, co-executors and administrators are considered as but one person. This position is a correct one for many purposes, and the acts of one will be considered the acts of all, in reference to the administration of the assets ; but we think it is well established, both by reason and authority, one co-executor, or administrator, cannot be made chargeable with the *devastavit* of his companions, when he has not, in any manner, contributed thereto. It was also urged on the argument of this case, inasmuch as the suit was on the bond, and all the defendants parties to it, they were all sureties for each other, and the plaintiff was entitled to recover. The answer to this argument is, that the plaintiff was not entitled to recover on the bond, in the court below, until he first established a *devastavit* against the administrators, according to law—and having alleged a *joint devastavit* against both of them, in his declaration, he was bound to *prove* such joint devastavit on the trial, which he failed to do. The judgment against Mantz *alone*, with the return of *nulla bona* on the fi. fa. issued thereon, may have been sufficient evidence to charge Mantz with a *devastavit ;* but it certainly furnished no evidence of a *devastavit* by Cameron. The liability of the securities to an administrator's bond is not *primary*, it is an *ultimate* liability ; and the following cases decide, that suit cannot be maintained on the bond, until a *devastavit* has first been established against the administrator according to law.—*Jones* vs. *Anderson*, 4 *McCord's Rep.* 113 ;

*Braxton* vs. *Winslow, &c.,* 1 *Washington's Virginia Rep.* 31 ; *Call* vs. *Ruffin,* 1 *Call's Rep.* 333 ; *Gordon's Administrators* vs. *Frederick,* 1 *Munford's Rep.* 1 ; *Faulk* vs. *The Judge of the County Court of Monroe,* 2 *Porter's Rep.* 538.

We are therefore of the opinion, the court below committed error, in deciding the plaintiff below was entitled to recover the amount of the judgment rendered against Mantz alone. Let the judgment below be reversed, and a new trial granted.