## MARILLA CLARK

*v.*

## THE AMERICAN SURETY COMPANY.

*Opinion filed December 22, 1897—Rehearing denied February 15, 1898.*

1. EXECUTORS AND ADMINISTRATORS—*statutory provisions concerning release of surety on administrator's bond must be complied with.* The power of the county court to release the surety on an executor's or administrator's bond is derived wholly from the statute, and the statutory provisions in that regard (Rev. Stat. 1874, chap. 3, secs. 33, 35,) must be strictly complied with.

2. SAME—*court cannot waive requirements of statute on releasing surety on administrator's bond.* Under section 35 of the Administration act (Rev. Stat. 1874, p. 110,) the county court cannot release a surety on an executor's or administrator's bond without first requiring the executor or administrator to adjust his accounts and pay over the balance in his hands, and to file a new bond in such penalty and with such sureties as the court may approve.

3. SAME—*heirs not entitled to notice of surety's application for release.* Notice of the application of a surety on an executor's or administrator's bond for his release need be given only to the executor or administrator, as the statute makes no provision for notice to heirs, creditors or other interested parties.

4. SAME—*petition to release surety on administrator's bond must be by the surety.* A petition to release the surety on an administrator's bond must be filed by the surety, and the court has no power to release such surety upon the petition of the administrator.

5. SAME—*surety's consent to draft of order for release does not give court jurisdiction to release him.* A draft of an order for the release of a surety on an administrator's bond, bearing the written consent of the surety to the entry of the order and filed by the administrator with his petition asking for the release of the surety, does not give the court jurisdiction to enter an order of release.

*Clark* v. *American Surety Co.* 66 Ill. App. 284, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

CONSIDER H. WILLETT, (DANIEL WEBSTER, and LOUIS KARCHER, of counsel,) for appellant.

FREDERIC F. NORCROSS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The question in controversy here is, whether or not the courts below erred in refusing to set aside certain orders of the probate court of Cook county, which orders were entered in the matter of the estate of Frederick M. Unger, deceased, approving a bond of the administrator and discharging appellee, the American Surety Company, from all further liability as surety on his former bond. About eighteen months after these orders were entered, appellant, one of the heirs of deceased, appeared in the probate court and entered her motion to set them aside, and from the order overruling her motion she appealed to the circuit court, where her said motion was denied also and her appeal dismissed. The Appellate Court affirmed the judgment of the circuit court, and she now prosecutes this her further appeal.

The facts are, in substance, as follows: Frederick M. Unger died intestate November 12, 1892, and his brother, August M. Unger, was on November 25, 1892, appointed administrator, and entered into bond for $10,000, with appellee as surety. July 18, 1893, the administrator filed his sworn petition in the probate court reciting these facts, and alleging that he had collected $5000, and that, pursuant to an arrangement he had made with his surety, he had deposited the money in a certain bank, and was unable to draw any of it out without the consent of the surety; that the only persons interested in the said estate, besides himself, as heirs, creditors or otherwise, were Mary Unger, his mother, and Marilla Clark, his sister, residents of Mansfield, Texas; that the interested parties were anxious to invest the money so that it would bear a greater rate of interest than it did in the bank, and that his surety refused to allow him to withdraw any money for that purpose. The petitioner prayed that the appellee be discharged and released as surety on his bond and

that he be permitted to give a new bond. With this petition he filed the following paper, which was admitted in evidence in the circuit court over appellant's objection:

"On hearing the petition, duly verified, of August M. Unger, administrator of the estate of Frederick M. Unger, deceased, praying for a discharge and release of the American Surety Company as surety on his bond as administrator, it is ordered that upon filing a new bond with like penalty of the first, with good and sufficient surety to be approved by this court, and the said American Surety Company be and it is hereby discharged of and from any and all liability as such surety on said bond.

"The American Surety Company of New York hereby consents to the entry of the above order.

AMERICAN SURETY CO. OF NEW YORK,<br>JOSEPH T. BOWEN, <i>Ass't Sec.</i>"

On the same day the probate court entered the following order: "On motion of August M. Unger, administrator of the estate of Frederick M. Unger, deceased, moving that the American Surety Company of New York, one of the sureties on his bond as such administrator, be released from further liability on said bond, and it appearing to the court that the other surety has been notified of said application, it is ordered that said American Surety Company be released from further liability on said bond upon said administrator filing herein his new bond in the penal sum of $10,000, with sureties to be approved by the court." And the next day the following order: "This day came August M. Unger, administrator of the estate of Frederick M. Unger, deceased, and in pursuance of the order of this court entered herein July 18, 1893, presented to the court his new bond as such administrator in the penal sum of $10,000, duly executed, with Robert Connelly and Thaddeus C. Pond as his sureties, and the court having examined said bond, the same is approved and ordered to be recorded. Said administrator also presented to the court his report, duly verified, showing that he has collected from the Northwestern Mutual Life Insurance Company of Milwaukee, Wis., the sum of $5000, and that he has expended in the costs of administration the sum

of $21.85, leaving a balance in his possession amounting to $4978.15, and that there is no other property belonging to said estate. And the court finding said report to be true, it is ordered that the American Surety Company, surety on the former bond of said administrator, be and is hereby discharged from all further liability on said bond."

It is contended by appellant that these orders were void, for the reason that the statute had not been complied with, and for the further reason that the discharge of the surety without notice to the heirs and creditors, or those entitled to share in the estate, impaired the obligation of the contract.

There are but two provisions of the statute in pursuance of which a surety on an executor's or administrator's bond can be released, and they are found in sections 33, 34 and 35 of the act in regard to the administration of estates. Under section 32 any one interested in the estate may make application to the court for additional security, and the court may require the administrator to give additional security, and in default revoke his letters. This section of the Revised Statutes was section 78 under the former Statute of Wills, and it was held in *People* v. *Curry*, 59 Ill. 35, that the original bond or sureties thereon could not be discharged in any proceeding under it,— section 32,—and it was said that "there is not a word, not an intimation, that this additional bond shall operate as a discharge of the original bond. In the absence of the express enactment of the legislature to that effect, so to hold would be unwise and odious judicial legislation." It is true, neither party contends that this section of the statute has any application to the case at bar, but it and the above cited case are referred to here as indicating the effect of proceedings under the statute affecting the bonds of administrators and executors. Section 79 of the then Statute of Wills (now section 33 of the act concerning administration) was referred to in that case, but this

court said that under that section only the sureties could make the application. The reasoning there employed supports the view that only the surety on the original bond can make the application for discharge under section 35. The substance of section 35 was contained in section 3 of the act of 1853. (Laws 1853, p. 164.) So far as important to consider here, the difference between the several sections of the statute would seem to be this: Under section 32 any one interested in the estate may petition the court to require an additional bond, which, when given, cannot have the effect of releasing the original bond. Under sections 33 and 34 the petition must be by a surety on the original bond who conceives himself to be in danger of loss by mismanagement of the administrator, and the court may require either counter-security to save the surety harmless, in which case the bond should run to the surety on the original bond, and not to the People, (*People* v. *Lott*, 27 Ill. 215,) or a new bond in like penalty as the first, the form of which is prescribed in section 34, and which shall relate back to the time of granting the letters. It was held in *People* v. *Lott*, *supra*, that the giving of a new bond upon an application by the sureties, under sections 79 and 80 of the then act of wills, which, as before said, were in substance the same as sections 33 and 34 above mentioned, released such sureties from all liability on the original bond, for all past as well as subsequent acts.

While the second bond taken in the case at bar is in substance in the form prescribed in section 34 as proper under sections 33 and 32, it is not contended by counsel for either party that the proceedings for a new bond in the case at bar were had under either of said sections, but that they were had under section 35. That section is as follows: "Whenever any surety on the bond of any executor or administrator desires to be released from further liability upon any such bond, he may petition the court in which said bond is filed for that purpose, and

upon notice being given to the executor or administrator, as the court may direct, the court shall compel such executor or administrator, within a reasonable time to be fixed by the court, to settle and adjust his accounts and pay over whatever balance may be found in his hands, and file in such court a new bond, in such penalty and security as may be approved by the court, which being done, the surety may be discharged from all liability on such bond."

The power to release sureties upon such bonds is derived from the statute, and the statute must be pursued before, in any proceedings as between the surety and the administrator, the former can be discharged from the performance of his obligation. It will be noticed that no provision is made by the statute for notice to any heir, creditor or persons interested in the estate, and their interests should not be injuriously affected by a release of sureties except upon a full substantial compliance with the statute. Whether the proceeding is had under section 33 or 35, the petition must be by the surety. If he is in danger of loss, he may either have counter-security to save him harmless, or an entirely new bond in like penalty as the first, relating back and discharging him from all liability. If, however, the conditions required in section 33 do not exist, and the surety desires to be released, the provisions of section 35 must be complied with,—that is, the court must, on the filing of the surety's petition, compel the administrator, within a reasonable time to be fixed by the court, to settle and adjust his accounts and pay over whatever balance may be found in his hands, and file a new bond *in such penalty* and security as may be approved by the court.

It will be noticed that the new bond under section 33 must be "in like penalty as the first," but under section 35 only "in such penalty and security as may be approved by the court." That is, supposing the administrator to have complied with the statute and order of the court in

settling his accounts and paying over the balance in his hands, there might be no necessity for requiring a bond in like penalty as the first.   But be that as it may, the statute has prescribed the conditions upon which, on notice merely to the administrator, he may be discharged, and the courts have no power to dispense with such conditions and release the surety who has not complied with them.   No provision is made for the release of sureties on the petition of the administrator.   The first condition upon which the jurisdiction depends is, that when the surety desires to be released he shall petition the court for that purpose.   This can only mean a formal written request to be released.   In this case the surety did not file any petition, nor even ask a release in any manner. The petition was that of the administrator, and it did not so much as suggest that the surety desired to be released, but asked to have the surety discharged so that he could make an investment of money of the estate to which the surety would not consent, and therefore he wanted to get rid of the surety.   The surety did not appear in court, but its assistant secretary wrote upon the draft of an order a consent to the entry of that order releasing it from all liability.   That draft was defective and insufficient, and was not entered, but another order discharging the surety was entered.   The order did not even find that the surety was in court or had petitioned for its release, but recited that this motion was made by the administrator, and also contained the meaningless statement that appellee was one of the sureties on his bond and that the other surety had been notified of the application, when, in fact, appellee was the only surety on the bond.   The draft does not contain an entry of appearance, and the mere consent to be discharged cannot be held to amount to a petition to be discharged.   The appellee had no reason for wanting to be discharged, and none has been shown.

171—16

Besides requiring a petition, notice is required to be given to the administrator. As the order recited the appearance of the administrator in court, no further notice to him was necessary, and the statute does not require notice to be given to any one else. It is true that the bond is a contract, and that its real beneficiaries are the heirs, creditors, etc., but the contract of the bond must be construed as all other contracts are,—that is, that the statutes in force at the time of making such contract are to be considered as a part of the same. When this bond was executed the statute provided a method for releasing the surety, and whatever rights any beneficiaries may have acquired under the bond were acquired with the condition that the contract might be terminated as provided in the statute. Section 35 carefully guards the rights of all beneficiaries by providing that before a surety on the bond of an administrator can be discharged he must settle his accounts and pay over whatever balance may be found in his hands. It is not material, when considering this section, as supposed by counsel, what the legislature may have subsequently provided in regard to the release of sureties on bonds of guardians and conservators. In the case at bar the court found that the administrator had $4978.15 on hand, but no order to pay over is found nor any report of such payment. If it be said that the probate court could not, at the time of the filing of the petition of the administrator, have entered an order on him to pay over to the distributees the balance in his hands, as required by the statute, this would prove nothing more than that the surety could not then be discharged under said section 35.

The courts have no power to waive compliance with the statute, but the surety, in seeking to avail himself of its benefits, must comply with its provisions. (*Haywood* v. *Collins*, 60 Ill. 328; *Munroe* v. *People*, 102 id. 406; Black on Judgments, sec. 279; Sutherland on Stat. Const. sec. 392; 12 Am. & Eng. Ency. of Law, 276.) The proceeding to re-

lease sureties is statutory and of a summary character, requiring no notice to the parties ultimately entitled to the fund, and the statute cannot be extended, by construction, to authorize the discharge of a surety on the application of the principal in the bond, in the absence of any provision in the statute authorizing it. *Hickerson* v. *Price*, 2 Heisk. 623.

The orders of the probate court releasing appellee as surety on the administrator's bond were therefore void, and should have been vacated and set aside. The judgments of the Appellate and circuit courts are reversed, and the cause is remanded to the probate court of Cook county with directions to set said orders aside, as prayed.

*Reversed and remanded.*