RICHARDSON *et al. v.* WHITWORTH, ordinary, for use.

1. Since administrators' bonds are required by law to be recorded and kept of file in the ordinary's office, a duly certified copy of such a bond is admissible as primary evidence. Consequently, the introduction of "the record" of such a bond was properly allowed over objection thereto based on the ground that the original had not been produced nor a copy thereof "established."

2. Except as provided in section 3503 of the Civil Code, a creditor of an intestate can not maintain an action against an administrator of such intestate's estate and the sureties on his bond until after having obtained a judgment against the administrator showing a devastavit, and this is not shown by introducing in evidence a judgment quando acciderint against an administrator de bonis non, the legal successor of the administrator against whom the action is brought.

3. An action by a creditor against an administrator and the sureties on his bond is not maintainable when it appears that the administrator had resigned his trust; that an administrator de bonis non had been appointed in his stead; that the court of ordinary had passed an order granting him a full and final discharge "upon his making a final and complete settle-

ment with his successor"; that no fraud of any kind had been practiced in obtaining this discharge; that the administrator so discharged had made the settlement as required; and that in so doing he had delivered to his successor a sufficiency of assets to pay all the debts of the intestate's estate.

Argued February 10, — Decided March 24, 1898.

Action on administrator's bond. Before Judge Hutchins. Gwinnett superior court. January 23, 1897.

*T. M. Peeples*, for plaintiffs in error.
*T. L. Lewis* and *C. H. Brand*, contra.

LUMPKIN, P. J. Moses Richardson was appointed administrator upon the estate of G. W. Wallace, deceased. Subsequently he resigned this trust, and J. T. O. Beard was appointed administrator de bonis non in his stead, under an order of the court of ordinary granting to Richardson a full and final discharge "upon his making a final and complete settlement with his successor." Afterwards the ordinary, for the use of Hightower & Hallman, brought the present action against Richardson and the sureties on his bond as administrator, for the purpose of recovering the amount due upon two promissory notes executed by the deceased and payable to the plaintiff's usees, which Richardson had failed to pay while acting as administrator. The trial resulted in a verdict for the plaintiff. The material questions presented by the defendants' motion for a new trial will now be briefly discussed.

1. The plaintiff offered in evidence the record of the administrator's bond. It was objected to, not on the ground that a duly certified exemplification instead of the record-book itself should have been tendered, but because, as alleged, the original bond should be produced or a copy thereof established. Section 5212 of the Civil Code provides that exemplifications shall be primary evidence as to all records or other things required by law to remain in the public offices of this State; and as the law requires administrators' bonds to remain on file in the offices of the ordinaries, a duly certified copy from the record is original evidence. The objection, therefore, to "the record" of the bond was not well taken, since it was not essen-

tial to produce or account for the original, nor to establish a copy of it, which would be the legal equivalent of the original itself. Had the objection been such as to require an exemplification instead of the record-book, we would have for decision another and entirely distinct question.

2. In our judgment, the plaintiff's action was not maintainable. Section 3503 of the Civil Code provides, that when an administrator shall remove from this State, or shall place himself in a situation which would subject an ordinary debtor to an attachment, or is dead and his estate unrepresented, a creditor may institute an action upon the administrator's bond without first obtaining judgment against him in his representative character. None of the conditions mentioned in that section as authorizing a suit by a creditor in the first instance upon the administrator's bond existed at the time this action was begun. It has been decided by this court that no recovery can be had upon an administration-bond against the sureties, at the suit of a creditor, until a devastavit against the administrator is first established according to law. *Cameron* v. *Justices*, 1 *Ga.* 36; *Justices* v. *Sloan*, 7 *Ga.* 31. And in *Henderson* v. *Levy*, 52 *Ga.* 35, it was held that a creditor of an intestate, except as provided by the law now embodied in the above-cited section of the code, could not maintain a suit against the administrator and the sureties on his bond, until after recovering a judgment against the administrator showing a devastavit. The decision in the case last mentioned was cited approvingly in *Giles* v. *Brown*, 60 *Ga.* 661. See also *Ramsey* v. *Cole*, 84 *Ga.* 147, where the plaintiff, in an action upon a bond given by administrators, was nonsuited for failure to introduce a proper judgment establishing a devastavit by the administrators, the principals upon the bond. In the present case no judgment at all had been obtained against Richardson as administrator. A judgment quando acciderint had been rendered against Beard as administrator de bonis non, but certainly this was not evidence showing a devastavit by the former. Indeed, such a judgment would be no proof of a confession of assets by the administrator against whom it was rendered. "By taking judgment of assets quando the plaintiff

admits that the defendant has fully administered to that time."
3 Wms. Exrs. *1862.

3. Even if the insuperable difficulty above pointed out had not been in the way, the defendants were, by the action of the court in striking portions of their pleas, deprived of a defense the establishment of which by evidence would have relieved them from liability, viz.: that the principal defendant had, by a valid judgment of the court of ordinary, been dismissed and discharged from the administration. A judgment by the court of ordinary granting to an administrator who had resigned his trust a final discharge, upon his making a complete settlement with his successor, has the effect, when such settlement is made with the ordinary's approval, of fully discharging the administrator from all future liability.

The trial judge admitted in evidence a transcript from the records of the court of ordinary, showing the resignation of Richardson as administrator, his discharge, and the appointment of Beard as administrator de bonis non, but ruled that this evidence was admissible only for the purpose of showing the appointment of Beard. It appears, however, that evidence was introduced in behalf of the defendants, tending to show that Richardson had made a full and final settlement with Beard, as required by the ordinary's order; that no fraud of any kind had been practiced in obtaining Richardson's discharge, and that in making the settlement he had turned over to Beard a sufficiency of assets to pay all the debts of the intestate's estate. Assuming that this evidence had been accepted by the jury as the truth of the case, there ought to have been a finding for the defendants upon the merits. They were, however, denied the opportunity of obtaining a verdict in their favor by the court's ruling that the evidence relating to Richardson's discharge was admissible only for the purpose above indicated, and by an instruction which prevented the jury, if they believed the testimony introduced for the defendants, from giving to such discharge its proper legal effect.

*Judgment reversed. All concurring, except Cobb, J., absent.*