# Commonwealth, to use, *v.* American Bonding Company, Appellant.

*Sureties—Guardian's bonds—Power of court to reduce.*

1. A bond given by a guardian and approved by the court shall be deemed to be held in trust to all persons interested, and the court has no authority to release the bond without the consent of all parties in interest.

2. A bonding company became a surety on the bond of a guardian in the penal sum of $25,000. The bond as executed was never surrendered, or cancelled by the court or changed by the parties in interest. The bonding company never made any application to the court to have the bond released or reduced in amount, nor did it ask at any time that the guardian be required to give additional security. The guardian made application to the court to have the

amount of the bond reduced and the bond was accordingly re-
duced to $4,000. The guardian subsequently filed an account show-
ing a balance in his hands of over $14,000. Upon the failure of
the guardian to pay this amount to the ward an action was insti-
tuted by the ward against the guardian and the bonding company
as surety on the bond. The bonding company acknowledged lia-
bility in the amount of $4,000, but denied liability for the balance
of the ward's claim. The court directed a verdict for the full
amount against the bonding company. *Held,* no error.

Argued April 21, 1914.  Appeal, No. 41, Jan. T., 1914,
by American Bonding Company of Baltimore, defendant,
from judgment of C. P. Blair Co., Oct. T., 1913, No. 411,
on verdict for plaintiff in case of Commonwealth of
Pennsylvania, at the suggestion and for the use of John
H. Stehle, v. Matthias Stehle, and the American Bond-
ing Company of Baltimore, Maryland, a Corporation
chartered under the Laws of Maryland. Before FELL,
C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.
Affirmed.

Action upon a guardian's bond. Before BALDRIGE,
P. J.

On July 9, 1906, John H. Stehle, a minor son over
fourteen years of Caroline Stehle, deceased, presented
his petition to the Orphans' Court praying for the ap-
pointment of a guardian and the court appointed Mat-
thias Stehle, his father, as guardian and directed said
guardian to enter security in the sum of $25,000. On
August 6, 1906, the said guardian presented his bond
with the American Bonding Company of Baltimore,
Maryland, as surety in the sum of $25,000, which was
approved by the court on said day.

On October 1, 1906, the guardian presented his peti-
tion to the court setting forth that only about $2,000 of
personal property would come into his hands; that the
balance of the estate of the ward consisted of a one-
seventh interest in real estate and when that was sold
the guardian would file a bond in the sum of $21,000 to

secure the forthcoming of that fund, and praying the court to reduce the bond of the guardian to $4,000. Whereupon the court entered a decree reducing the bond of the guardian from $25,000 to $4,000, with leave to the guardian to file a new bond for money realized from the sale of the ward's interest in the real estate. The guardian filed a first and final account showing a balance in his hands of $14,398.76, which account was confirmed absolutely on January 8, 1913. The guardian having failed to pay over said amount to the ward after demand, the ward instituted an action upon the bond against the guardian and his surety. The guardian made no defense and judgment was taken against him for the amount of plaintiff's claim. The American Bonding Company filed an affidavit of defense admitting liability in the sum of $4,000, but denying liability for the balance of plaintiff's claim. Upon the trial the court gave binding instructions for plaintiff and the jury accordingly found a verdict against the defendant in the sum of $14,916.70. The American Bonding Company, defendant, made a motion for judgment non obstante veredicto, which was overruled by the court and judgment was entered upon the verdict. Defendant appealed.

*Errors assigned* were directing a verdict for the plaintiff and overruling the motion for judgment n. o. v.

*R. A. Henderson,* for appellant.

*J. F. Sullivan,* with him *J. Austin Sullivan,* for appellee.

Opinion by Mr. Justice Elkin, May 22, 1914:

From no point of view can we regard this appeal as having any merit. A bond given by a guardian and approved by the court shall be deemed to be held in trust for all persons interested: Newcomer's App., 43 Pa. 43. Even the court has no authority to release the bond with-

out the consent of all parties in interest: Com. v. Rogers, 53 Pa. 470. The judgment of the learned court below might very well be rested on the authority of the two cases just cited. The case at bar cannot be distinguished in principle from those cases, nor should it be, because the doctrine there announced is an aid to the wholesome administration of the law where trust estates are involved. In the present case the bonding company became surety on the bond of the guardian in the penal sum of $25,000, and this is the bond upon which suit was brought. The bond as executed was never surrendered or canceled by the court, nor changed by the parties in interest. The bond itself remains just the same as it was at the time it was signed by the surety. The bonding company never made any application to the court either to have the bond released, or reduced in amount, nor did it ask at any time that the guardian be required to give additional security. Under these facts it is difficult to see how the bonding company is in position to ask that it be released from a considerable part of its liability as surety on the ground that the guardian did some act to relieve it from its voluntary obligation. The guardian did make application to court to have the amount of the bond reduced on the ground that it was larger than necessary to protect the personal estate, but in this he was clearly mistaken and must have misled the court. There is no doubt that the will worked a conversion of the real estate, and that the entire estate which belonged to the ward must be regarded as personalty. The amount of the original bond was fixed upon this basis, and the bonding company undertook to insure a faithful accounting by the guardian of the entire trust estate. All that is demanded now, and this is what the learned court below held, is that the surety be made answerable according to its undertaking. What the court did by way of attempting to reduce the bond at the instance of the guardian, and without the consent of other interested parties, must be regarded as having been improvi-

dently done under the authority of the cases above cited. We are not considering a case in which the original bond was cancelled and surrendered, and a new security taken, with the consent of all interested parties and the approval of the court. Nothing done in the present case was sufficient to relieve the surety on the original bond, which is still in full force and effect, from the whole or any part of its obligation.

Judgment affirmed.