G. G. Bookhart, Administrator, Appellee, v. B. K. Younglove et al., Appellants.

March 13, 1928.

Rehearing Denied February 15, 1929.

*Stewart & Hatfield* and *Jepson, Struble, Anderson & Sifford,* for appellants.

*J. Henry Eik* and *Fred H. Free,* for appellee.

WAGNER, J.—J. M. Bookhart died testate January 7, 1917. B. K. Younglove was nominated as executor in his last will and testament. The will was admitted to probate, and the nomination of Younglove as executor was by the court confirmed, and on February 21, 1917, he qualified as said executor by subscribing the oath prescribed by law, and by giving bond in the required amount of $25,000, with the New Amsterdam Casualty Company as surety. Said bond was approved by the clerk of the district court of Woodbury County, and letters testamentary were issued. The will of decedent devises and bequeaths certain definite property to his widow, and directs that all the other property owned and possessed by him shall be sold and the proceeds kept in trust until the decease of his wife, when distribution shall be made, as therein stated, among his children and grandchildren.

Four annual payments were paid to the surety company, as premium on the bond. On February 21, 1921, the executor filed in the clerk's office his application for order, in which he alleged, in substance, that the heirs (beneficiaries) of said deceased have reached an agreement in reference to the distribution of said estate; that his final report will be on file within the next few days; that the estate will be terminated within a short time; that the heirs (beneficiaries) representing 68/90 of said estate have signed a bond for him, as personal representative of said estate: and he asked that the bond signed by said heirs (beneficiaries) be filed, and that the New Amsterdam Casualty Company, as bondsman, be released and discharged in full. The court, on the same day, without service of notice upon anyone, ordered that the bond signed by the surety company be released, that said company be discharged, and that, in lieu thereof, the bond signed by the heirs be substituted therefor. Said bond,

signed by the executor and the beneficiaries aforesaid, was approved by and filed with the clerk on February 21, 1921.

At all times during the period of administration, Younglove was a member of a partnership which was engaged in the banking business as a private bank, known as the Farmers Bank of Lawton, Younglove's interest therein being approximately a one-half interest. As he obtained possession of the moneys belonging to said estate, he deposited the same in his name, as executor, in a checking account in said bank. Younglove was president, and at all times in active charge of the bank's business affairs. On April 13, 1921, the bank, being unable to pay its obligations, ceased doing business, and a receiver was appointed to take charge of its affairs. At the time of the closing of the bank, there was on deposit in said bank, in the name of Younglove, as executor of said estate, $11,049.25, which amount, as increased by interest, is the amount for which judgment was rendered.

It appears that, in February, 1922, one of the beneficiaries of the estate filed two separate applications, in one of which he asked for the removal of Younglove as executor, and in the other for the setting aside of the court's order for the substitution of the bond signed by the heirs (beneficiaries), and accepted in lieu of the surety company bond; and, as per order of court, the executor was served with notice of the hearing of said applications. On the 7th day of March, 1922, the former order of court, bearing date February 21, 1921, releasing the surety company and substituting the bond signed by the heirs in lieu of that signed by the surety company, was set aside, and Younglove was removed as executor, and the plaintiff herein was appointed administrator, with the will annexed, of said estate, and he duly qualified as such officer. No notice of the hearing on application for order, which was granted on the 7th day of March, 1922, was served upon the surety company. Demand was made upon Younglove for the money for which he should account as executor, and upon his failure and inability to pay the same, this action was instituted against him and the surety company.

The defendants joined issue with the plaintiff. At the close of the evidence, the court, upon motion of the plaintiff, directed a verdict against both defendants, and rendered judgment accordingly. From this action the defendants have appealed.

The contentions of the appellants will be noted as we proceed. We deem it advisable to set out in full the order of the court bearing date February 21, 1921. Said order is as follows:

"And now on this 21st day of February, 1921, being a regular day of the January term of the district court of Iowa in and for Woodbury County, the application of the executor of the estate of J. M. Bookhart, deceased, as aforesaid, that the bond of the New Amsterdam Casualty Co. be released, and that the bond signed by Edward W. Bookhart, F. M. Bookhart, Irene Elder, Rebecca Bookhart, Amy P. Flock, Margaret Mortensen, Phoebe Christy, and Alvin E. Witwer, all heirs at law of said decedent, be substituted therefor, the court having fully investigated the premises, and being fully informed as to the facts, it is ordered that the bond signed by the New Amsterdam Casualty Co. be released, and that the said company be discharged, and that, in lieu thereof, the bond signed by the aforesaid heirs be substituted therefor."

It is alleged and claimed by the appellants, in substance, that the filing and approval of the new bond signed by the beneficiaries superseded the one signed by the surety company.

The object of a bond is security to those who are interested in the property settlement of the estate. The law requires the bond for their protection, and the parties interested acquire a vested interest in the bond, which cannot be divested *without their consent,* except in the manner prescribed by law. The bond signed by the surety company was executed in pursuance of the statutory requirements and in obedience to the order of the court.

In the absence of statute, the court is without authority to discharge or release a surety, except with the consent of the parties interested. 24 Corpus Juris 1073; *Commonwealth v. American Bonding Co.,* 245 Pa. St. 535 (91 Atl. 938); *Commonwealth v. Rogers,* 53 Pa. St. 470; *Newcomer's Appeal,* 43 Pa. St. 43; *Richter v. Leiby,* 101 Wis. 434; *Rudolf v. Malone,* 104 Wis. 470; *Brehm v. United States Fid. & Guar. Co.,* 124 Wis. 339 (102 N. W. 36); *Commonwealth v. Fidelity & Deposit Co.,* 224 Pa. St. 95 (73 Atl. 327); *Fidelity & Deposit Co. v. Phillips,* 235 Pa. St. 469 (84 Atl. 432).

It is generally held by the courts that, where the legislature

has provided a statute authorizing the release of sureties, its provisions must be strictly complied with, in order that the release may be effective. *Clark v. American Sur. Co.,* 171 Ill. 235 (49 N. E. 481); *Rush v. State ex rel. Bixler,* 19 Ind. App. 523 (49 N. E. 839); *Dupont v. Mayo,* 56 Ga. 304; *Richardson v. Whitworth,* 103 Ga. 741; *Pollock v. Cox,* 108 Ga. 430; *Jones v. Ritter's Admr.,* 56 Ala. 270; *Gower v. Shelton,* 16 Lea (Tenn.) 652; *Hickerson v. Price,* 2 Heisk. (Tenn.) 623; *Johnson v. Johnson,* 6 Heisk. (Tenn.) 240; *Taylor v. Taylor,* 66 W. Va. 238 (19 Ann. Cas. 414).

"The courts have no power to waive compliance with the statute, but the surety, in seeking to avail himself of its benefits, must comply with its provisions. * * * The proceeding to release sureties is statutory and of a summary character, requiring no notice to the parties ultimately entitled to the fund, and the statute cannot be extended by construction to authorize the discharge of a surety on the application of the principal in the bond, in the absence of any provision in the statute authorizing it." *Clark v. American Sur. Co.,* supra.

The courts generally declare that, where the statute provides that the surety may apply for the release, or contemplates that the initial step for obtaining release must be taken by the surety, the proceeding asking for his discharge must be on his petition. See authorities hereinbefore cited.

In so far as the present litigation is concerned, the statutory authority for release of sureties on a bond is found in Sections 1283, 1284, and 1285 of the Code of 1897, and Sections 1177-a and 1177-b of the Supplement to the Code, 1913. Said sections are as follows:

"Section 1283. When any surety on a bond required by law, except as otherwise provided, conceives himself in danger, and desires to be relieved of his obligation, he may petition the approving officer or board above referred to for relief, stating the ground of his apprehension."

"Section 1284. The surety shall give the principal at least twenty-four hours' notice of the presenting and filing of the petition, with a copy thereof. At the expiration of this notice, the approving officer may hear the matter, or may postpone it, as justice requires."

"Section 1285. If, upon the hearing, there appears substantial ground for apprehension, the approving officer or board may order the principal to give a new bond and to supply the place of the petitioning surety within a reasonable time to be prescribed, and, upon such new bond being given, the petitioning surety upon the former bond shall be declared discharged from liability on the same for future acts, which order of discharge shall be entered in the proper election book, but the bond will continue binding upon those who do not petition for relief."

"Section 1177-a. When a bond is required by law to be given by or for any public officer, deputy or employee of such public officer, or by any person holding a fiduciary office or trust, administrator, executor, guardian, trustee, officer or employee of any public or private corporation * * * it shall be conditioned as provided in Section 1183 of the Code."

"Section 1177-b. If any surety on said bond shall so elect, his liability thereon may be canceled at any time by giving thirty days' notice in writing to the person or persons authorized to approve said bond, and to the officer or person with whom the same is required to be filed or deposited by law, and refunding the premium paid, if any, less a pro-rata part thereof for the time said bond shall have been in force. The liability and indemnity created by said bond shall extend to the date of cancellation as provided by Chapter 11, Title VI, of the Code."

In *Des Moines Sav. Bank v. Krell*, 176 Iowa 437, we said:

"Chapter 11, Title VI, of the Code, comprises Sections 1280 to 1288, inclusive. This chapter, originally and on its face, pertains only to sureties on bonds of public officers."

This being true, the provisions of the statute governing release of sureties upon executors', administrators', or guardians' bonds are controlled by Section 1177-b, Supplement to the Code, 1913. The proceeding looking toward the discharge of the surety must be upon the election of the surety, and thirty days' notice in writing to the clerk of the district court is required, because, under Section 3267, Code of 1897, all bonds relating to probate matters shall be filed in the office of the clerk of the district court, and shall not be sufficient until examined by him,

and his approval indorsed thereon; and because Section 1177-b, supra, requires 30 days' notice in writing to the person authorized to approve the bond, and to the officer with whom the same is required to be filed or deposited by law.

It will be observed that, in the instant case, there was no attempt to comply with the statutory authority, there being nothing of record to show the election of the surety company to be relieved from liability, and no notice served, as required by the aforesaid statutory law. Therefore, the court was without jurisdiction, if acting under the statutory authority, to enter the order of discharge of the surety company on February 21, 1921.

While it is true that there may be a valid release of sureties on a bond as to interested parties consenting to the order of discharge, yet there can be no valid order of discharge of a surety by the court, without strictly complying with the statutory authority, or without the appearance by the interested parties, and their giving their consent to the order of discharge. The record of the probate court as to the order of February 21, 1921, fails to show any such appearance and consent by the interested parties. Said order was a mere ex-parte order, granted on the application of the executor, without jurisdiction, and is a mere nullity; and the liability of the surety company was in no way affected thereby.

It is contended by the appellant that this action is not  maintainable by the plaintiff, as administrator with the will annexed. This proposition is determined adversely to appellant's contention in *Ellyson v. Lord,* 124 Iowa 125.

Another contention of the appellants' is that Younglove, as executor, deposited the funds in the Farmers Bank of Lawton, in his name as executor of said estate, and that he did so in good  faith, without negligence, and that they are not liable therefor because of any subsequent insolvency of the bank. This is a well recognized rule of law. See *Officer v. Officer,* 120 Iowa 389; *Hunt v. Hopley,* 120 Iowa 695; *In re Estate of Workman,* 196 Iowa 1108; *Leach v. Beazley,* 201 Iowa 337; *In re Estate of Ring,* 132 Iowa 216; *Incorporated Town of Conway v. Conway,* 190 Iowa 563; *School Township v. Stevens,* 158 Iowa 119.

But this rule of law cannot be invoked by an executor who is one of the partners owning an interest in a private bank. The act of Younglove in depositing the money in the private bank in which he was the owner of approximately a one-half interest was equivalent to his taking the money out of one of his pockets and putting it into another; and we hold that, under such circumstances, the depositing of the money in this bank, regardless of his good faith, and regardless of the care exercised, was no protection to him or to the sureties on his bond, for the money so deposited.

The appellant surety company sought to implead the beneficiaries who, as sureties, signed the second bond, but this requested right was denied by the court.

In the numerous authorities from other jurisdictions hereinbefore cited, it is held that, where there is an attempt to procure the release of the sureties upon the first bond, without following  statutory procedure, or without the consent of the interested parties, a second bond, voluntarily given under said conditions, is only additional security. That the sureties on the second bond are liable for any defalcation or devastavit occurring prior to the time of the execution of the second bond, see *Brooke v. American Sav. Bank*, 207 Iowa 668, and authorities therein cited.

The rights, as among the surety company, signing the first bond, and the beneficiaries, signing the second bond, were in no way affected by the order of March 7, 1922, as there was no notice to or appearance by the surety company.

While the requested right to implead the sureties on the second bond should have been granted, yet the refusal of the court to grant the right was error without prejudice, as whatever rights the surety company may have against the sureties on the second bond are hereby left open for future litigation among them. See *Brooke v. American Sav. Bank*, supra.

It is shown by the record that the plaintiff has received from the receiver of the Farmers Bank of Lawton, as a dividend, the sum of $554 on the deposit of Younglove made as executor in said bank. The appellants are entitled to a credit for said amount, which the court failed to allow. For this error, under the rule that this court may render such judgment as the lower

court should have done, the judgment below is modified, and the cause remanded to the district court, with directions to enter judgment against the appellants for the proper amount, after allowing the aforesaid credit of $554, and also for costs. See Section 12871, Code of 1924; *Cram & Sons v. Central Tr. Co.,* 205 Iowa 408, and cases therein cited.

In all other respects, the judgment of the trial court is affirmed.—*Modified, affirmed, and remanded, with directions.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.

KINDIG, J., not participating.