FEDERAL SURETY COMPANY, Appellee, v. J. C. FRANCE, Executor, Appellee; JOSEPH KINGSBURY, Appellant.

No. 40794.

OCTOBER 20, 1931.

Cook & Balluff, for appellee.

J. C. France, for appellant.

J. C. France, Executor, Appellee, pro se.

STEVENS, J.,—One Kirk Milnes qualified as guardian of Abel Milnes, his brother, a person of unsound mind, and on February 23, 1920, filed a bond in the office of the clerk of the district court of Cedar County in the penal sum of $25,000 with W. J. Moore and appellant as sureties. Subsequently, a new bond in the penal sum of $30,000, with appellee surety company as surety, was filed by the said guardian and duly approved. Prior to the execution and filing of the new bond, the guardian, at the request of his sureties on the $25,000 bond, orally applied to the district court for permission and authority to give a new bond. Following this oral application, the new bond signed by appellee surety company as surety was filed and approved by the clerk of the district court. On December 7th following the execution of the new bond, the report of the guardian then on file was approved and an order entered by the court discharging and releasing Moore and Kingsbury from liability as sureties on the bond signed by them.

Upon the death of Kirk Milnes, guardian, about a year later, Robert Brooke was appointed as guardian of Abel Milnes. Shortly thereafter an action was commenced in the district court of Scott county by Robert Brooke as guardian against the American Savings Bank, administrator of the estate of Kirk Milnes, and the Federal Surety Company as surety on the $30,000 bond. Neither Moore nor Kingsbury was made a party to that action. Judgment was entered therein against the defendant Federal Surety Company in the sum of $22,780.62. Upon appeal to this court, this judgment was affirmed. Brooke v. American Savings Bank, 207 Iowa 668.

Thereupon and after the judgment so entered had been fully paid, the Federal Surety Company commenced the pending action against J. C. France, administrator of the estate of W. J. Moore and Joseph Kingsbury, sureties on the $25,000 bond for contribution in the district court of Cedar county. Judgment was had in the court below in favor of the Surety Company against Kingsbury in the sum of $12,631.20 and costs. The amount of the judgment, if any should have been entered, is not in dispute. It is from this judgment that he appeals.

Briefly summarized, the propositions relied upon by appellant for a reversal are (a) that appellee herein in the former action entitled Brooke v. American Savings Bank alleged and

treated the bond signed by it as a substitute bond and never made demand upon appellant or his co-surety or gave him notice of the action brought in the Scott county court against it by Robert Brooke as guardian and that appellant at all times believed that the said bond was in fact a substitute bond and that he had been discharged from liability upon the bond signed by him; (b) that appellant was, by order of the district court of Scott county, fully released and discharged from all liability on the bond signed by him as surety and (c) that the record wholly fails to show that any portion of the funds belonging to Abel Milnes was misappropriated or dissipated by the guardian prior to the date on which the order of discharge was entered in the district court.

It is true, as appears from the evidence and the concessions of the parties, that appellee pleaded, and throughout the proceedings in the district court and in this court in the former action contended, that the bond executed by it as surety for Kirk Milnes, guardian, was a substitute bond; that it was not retroactive in its provisions or effect and that liability thereon should be limited to defalcations occurring in the account of the guardian subsequent to the execution thereof. This court held against appellee on this point in that case and, as stated, the judgment entered against it for the full amount for which the guardian was in default was affirmed. It was conceded by the parties in the former action that most of the defalcation occurred prior to the execution of the $30,000 bond. It was held therein, following Bookhart v. Younglove, 207 Iowa 800, that a surety upon an official bond may be legally discharged by the court only in the way provided by statute, and that such method must be strictly followed.

It is not claimed by appellant that the statute, Sections 1283, 1284, and 1285 of the Code of 1897, and Sections 1177-a and 1177-b of the Supplement to the Code of 1913, was followed in any particular in procuring the order of discharge and release as sureties on the $25,000 bond.

As previously stated, appellant was not a party to that action; hence, the judgment entered therein is not *res adjudicata* as against appellant, but what is there said, following our holding in Bookhart v. Younglove, supra, is binding upon this court as a precedent.

No doubt, the theory of appellee, as defendant and appellant in the former action, was that the bond executed by it was a substitute bond only and that liability thereon could not be extended so as to include defalcations occurring prior to its execution. It is difficult to see just how this position assumed and urged by appellee in that case could operate as an estoppel in this. The contention there made was rejected by the court and judgment was entered against the surety company for the full amount of the default of the guardian. The judgment thus entered was predicated upon the ground that the thirty-thousand dollar bond was additional to the prior bond for twenty-five thousand dollars and not merely a substitute therefor. The surety company in that action was entitled to plead inconsistent defenses and to urge the same upon the trial. Its status was fixed by the judgment and its right as surety, after having paid such judgment, to contribution from appellant as surety upon the earlier bond would seem to be quite clear. It is true that the record in this case does not disclose whether the default of the guardian occurred prior to the execution of the new bond or subsequent thereto. This would, under our prior cases cited supra, seem to be immaterial.

It follows that the judgment must be and it is affirmed.

FAVILLE, C. J., and EVANS, ALBERT, and WAGNER, JJ., concur.