## NILS HAMMER AND OTHERS v. O. S. NARVERUD AND OTHERS.[1]

April 11, 1919.

No. 21,133.

**Injunction — election of village officers — quo warranto — suit by private citizen.**

1. *Held*, following the rule that public rights and public interests should be vindicated and protected by public authority, to the exclusion of suits by private persons, (a) that the validity of the incorporation of a village organized under the provisions of chapter 9, G. S. 1913, can be inquired into only at the instance of the state in appropriate quo warranto proceedings; and (b) that a private suit to restrain the election of officers after the proceedings have been completed, and the organization has on the face of record become legally constituted cannot be maintained.

**Same — quaere.**

2. Whether legislative proceedings under the statute may be interrupted and enjoined before completion thereof by private suit, quaere?

[1] Reported in 171 N. W. 770.

Action in the district court for Clay county to declare the organization of the village of Hitterdal void, and to restrain defendants from conducting an election on April 26, 1918, for the purpose of electing village officers and making returns thereon. The facts are stated in the opinion. Defendants' motion that an order obtained by plaintiffs requiring defendants to show cause why defendants should not be restrained from acting as election judges, why all proceedings of the county board should not be declared null and void, and why plaintiffs should not have judgment as prayed in their complaint, should not be discharged and the action dismissed, was heard by Johnson, J., who granted the motion. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*F. H. Peterson* and *Christian G. Dosland,* for appellants.
*Charles S. Marden,* for respondents.


BROWN, C. J.

Action in equity by interested taxpayers to restrain and enjoin certain proceedings pending and being conducted under the provisions of chapter 9, G. S. 1913, for the incorporation of the village of Hitterdal, in Clay county. Defendants had judgment on the pleadings and plaintiffs appealed.

The statutes under which the proceedings sought to be restrained were being conducted, sections 1204 to 1209 inclusive, provide that any district, section or parts thereof, not included in an existing village and containing a resident population not exceeding 3,000 and not less than 200, may be incorporated as a village by pursuing the steps therein pointed out. Section 1205 provides for a petition of 25 or more of the voters residing within the territory of the proposed village, stating the facts showing a right to incorporate, the same to be filed with the board of county commissioners of the county in which the territory is situated. Section 1206 provides that, if the county board approves the petition, it shall cause a notice of election to be given at which the question whether the village shall be organized will be submitted to the voters interested therein. By section 1207 the county board is required, when the petition is approved and the election called, to appoint three inspectors to act as judges of and to conduct the election. At the conclusion of the

election the inspectors are required to canvass the votes cast and make and file with the county auditor a certificate of the result and of the number of votes cast for and against the proposed incorporation. Section 1208 provides that if the certificate shows a majority of affirmative votes the county auditor shall forthwith transmit a certified copy thereof to the secretary of state, to be there filed as a public record, and thereupon, the statute reads, "the incorporation shall be deemed complete." Section 1209 provides for an election thereafter to be held for the purpose of choosing officers of the new village.

The proceedings for the incorporation of the village were in all things regular and in conformity with the statutory requirements just outlined. The petition by which they were initiated was in due form and among other essential facts stated that the territory to be incorporated contained a population of 204. The question of incorporation was submitted to the voters at an election called for the purpose, as required by statute, and a majority of the votes cast were in favor of the proposition. A certificate of the election in due form was filed with the county auditor on March 30, 1918. The complaint does not allege that a certified copy of the certificate was filed with the secretary of state as required by section 1208, though the fact is alleged in the answer. But since the statute expressly imposed upon the auditor the duty to forthwith so file a copy we assume, as properly we may, that he performed that duty in the manner and at the time so required. 1 Dunnell, Minn. Dig. § 3435. Thereafter an election for choosing village officers was duly called, as provided for by section 1209, the date thereof being April 26, 1918. At that time the voters assembled at the place designated in the notice prepared to hold and take part in the election. Thereupon a temporary restraining order was served upon defendants, who had been chosen as judges to conduct the election, enjoining further proceedings until the further order of the court. That order was, however, soon thereafter, on the same day, modified by the court commissioner who issued it, and as modified the election was permitted to proceed, with the injunction that no certificate should be issued to the persons elected to the various village offices until the final determination of the action. The election was therefore duly held and resulted in the election of a full set of village officers. A certificate of election was issued by the judges and clerk and

filed with the clerk of the district court as required by the restraining order.

The complaint alleges that plaintiffs. are taxpayers of the territory included in the village, and, as a basis for the relief demanded, further alleges that the organization proceedings are null and void, for the reason that the territory does not contain the requisite number of inhabitants, namely, 200; the actual number being alleged as not to exceed 193. This claim as to the deficiency in population constitutes the foundation of the action, and though the allegations thereof are put in issue by the answer, thereby presenting the single issue in the case, the fact as alleged in the complaint must for present purposes be taken as true.

The motion for judgment was granted by the trial court, on the ground that the question of the legality or validity of proceedings for the organization of municipal corporations can only be raised by the state; that private action cannot be maintained for that purpose. The correctness of that conclusion presents the only question on the appeal.

The whole subject of the creation and organization of municipal corporations rests exclusively with the legislature. All such corporations, whether cities, villages, towns, school districts or counties, are agencies of the state for the administration of the law and the preservation of order in the local communities. They are created for the public convenience and welfare and can be organized only by direct legislation or through subordinate tribunals to which the power of organization is expressly granted. State v. Simons, 32 Minn. 540, 21 N. W. 750. Their continued existence after once organized under the forms of law is a matter of public concern and interest, and, on the theory that interests of that character should be vindicated and protected by public authority, we have heretofore held that the validity of the incorporation proceedings can be challenged only in some direct proceeding instituted by the state through the attorney general, and that private suit for the purpose cannot be maintained. State v. McDonald, 101 Minn. 349, 350, 112 N. W. 278; State v. Honerud, 66 Minn. 32, 68 N. W. 323; State v. Board of Co. Commrs. of Crow Wing County, 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L.R.A. 745; St. Paul Gaslight Co. v. Village of Sandstone, 73 Minn. 225, 75 N. W. 1050; Snow v. Village of Excelsior, 115 Minn. 102, 132 N. W. 8; Evens v. Anderson, 132

Minn. 59, 155 N. W. 1040. And that is the rule elsewhere. 1 Mc-Quillin, Mun. Corp. §§ 158, 304. Nelson v. Consolidated Ind. School Dist. 181 Iowa, 424, 164 N. W. 874.

It applies to the case at bar. The organization proceedings here involved were had under authority of law, on their face were in all things regular, and presumptively created a de jure corporation. And though defective in the respect stated in the complaint the result was at least a de facto corporation. While there was no extended exercise of the functions of the corporation, usually an accompaniment of the de facto corporation, as appeared in some of the cases cited, that is not of special importance. Evens v. Anderson, supra. The fact remains that the incorporation was complete on the face of the record, as declared by section 1208 of the statute, when the certificate of the result of the election to-determine the question was filed in the office of the secretary of state. It is not important that officers had not yet been elected. Such was the situation in State v. McDonald, 101 Minn. 349, 350, 112 N. W. 278. See also 1 McQuillin, Mun. Corp. § 302. The official machinery had been set in motion and an election legally called for the purpose, the proceedings thereunder being interrupted by the restraining order herein. There was, in our opinion, sufficient user or exercise of the corporate functions to bring the case within the rule excluding private attack on the legality of the organization proceedings.

We do not stop to inquire whether in any case legislative proceedings for a village incorporation under the statute may before completion be interrupted and restrained at the suit of a taxpayer having no special interest in the matter different from that of the general public. The question is not presented. It was referred to incidentally in State v. Board of Co. Commrs. of Crow Wing County, 66 Minn. 519, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631, 35 L.R.A. 745. This action was not commenced until the proceedings had been fully completed and under the statute the corporation had become legally constituted. The rule generally applied in analogous cases is that the individual citizen with no special interest will not be heard as the champion of the cause of the general public. State v. McDonald, 101 Minn. 349, 112 N. W. 278;

Conklin v. County Commrs. of Fillmore County, 13 Minn. 423 (454) ;
State v. Village of Lamberton, 37 Minn. 362, 34 N. W. 336.

Judgment affirmed.