THOMAS J. DUNN, Appellee, v. W. J. BURBANK, Appellee, et al., Interveners, Appellants.

INDEPENDENT SCHOOL DISTRICT OF CEDAR HEIGHTS et al., Appellees, v. W. J. BURBANK, Appellee, et al., Interveners, Appellants.

**SCHOOLS AND SCHOOL DISTRICTS:** Legality of Incorporation—
1 Quo Warranto. The legal incorporation of a town or school district may not be adjudicated in an action by the school district to compel the county treasurer to pay over to it the taxes collected on property within its limits, nothing appearing on the face of the record of incorporation indicating illegality. Quo warranto is the only remedy available to test such a question.

**EVIDENCE:** Presumption of Valid Proceeding. Principle reaffirmed
2 that the judgment of a court of competent jurisdiction is presumed to be regular and valid. So held as to a judgment of incorporation of a town.

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

NOVEMBER 29, 1920.

THE appeals in these cases present different phases of a controversy over the same subject-matter, the nature of which and the facts material to its consideration being stated in the following opinion. The appeals have been submitted together in this court, and are disposed of in one opinion.—*Affirmed.*

*Martin & Turnipseed, Courtright & Arbuckle, C. M. Parker, J. B. Newman,* and *W. H. Merner,* for appellants.

*Williams & Clark, Pickett, Swisher & Farwell, E. J. Wenner,* and *Walter R. French,* for appellees.

WEAVER, C. J.—The two cases above entitled grow out of a controversy which may be sufficiently explained as follows:

It stands conceded that, on January 24, 1916, and at a time
when no movement had been inaugurated for an
extension of the territorial limits of the city of
Cedar Falls, inhabitants of certain territory
outside of said limits began a statutory proceed-
ing in the district court to incorporate such outside territory
into a town, to be known as Cedar Heights. That proceeding
appears to have been carried through to judgment, which was
entered March 14, 1916, declaring the town of Cedar Heights
duly incorporated, and confirming the election of its mayor
and council. On February 19, 1916, while these proceedings for
incorporation were still pending in court, the city council of
Cedar Falls took action for the calling of an election for the
extension of its corporate boundaries, in a manner to include
within such extension the territory of Cedar Heights, and, on
March 13, 1916, the day before the entry of the judgment above
mentioned, an election was held, at which a majority of votes
was declared cast for the proposed extension. Controversy at
once arose between the city and school district of Cedar Falls on
the one side, and the town and school district of Cedar Heights
on the other, concerning their respective rights. The former
denied and the latter affirmed the validity of the incorporation
of the town, and each school district laid claim to the benefit of
the taxes collected for school purposes within the territory of
Cedar Heights. The county treasurer having refused to decide be-
tween the contending parties, the two actions named in the cap-
tion of this opinion were brought for an adjudication of the dis-
pute. The first was brought by a resident and taxpayer of Cedar
Heights, to enjoin the county treasurer from paying over to the
Cedar Falls district any of the taxes collected by the county
treasurer for school purposes on property within the Cedar
Heights territory. The second action was brought in the name
of the Cedar Heights school district and its official board, for
a writ of mandamus compelling the county treasurer to pay over
such school taxes to the treasurer of said district. In each case,
the city and school district of Cedar Falls intervened, resisting
both the demand for injunction and for mandamus, on the
theory:

    (1) That the judgment declaring the due incorporation

1. SCHOOLS AND
SCHOOL DIS-
TRICTS: legality
of incorporation:
quo warranto.

of Cedar Heights was rendered without jurisdiction, and therefore was void, because the petition on which the court acted was not signed by 25 resident electors, as the statute requires, in that, while said petition was signed by 25 names, one of such subscribers was not a resident elector, and that the petition was, therefore, fatally defective.

(2)   That the fact that the election called by the city council was held on the day before the judgment affirming the incorporation was entered in the court proceeding, had the effect to withdraw the territory of Cedar Heights from the jurisdiction of the court, and that its order establishing the corporate character of the town was, therefore, void.

To this pleading or defense on the part of the interveners, the plaintiffs in each case demurred. The demurrer in each instance was sustained, and, the interveners not electing to plead over or amend, decree and judgment were entered, as prayed. Both interveners appeal.

I.   Of the questions raised by the demurrer and discussed by counsel, the one which forces itself to the front is that the defense which attempts to impeach the validity of the incorporation of Cedar Heights is one which is not available to the interveners in this case. Stated otherwise, it is objected by plaintiffs that the validity and regularity of the incorporation of the town are not open to attack in a collateral proceeding, but must be tested, if at all, by direct proceeding in quo warranto. That this is a correct statement of the rule, which will be adhered to where the objection is taken in due time, must be conceded. *Nelson v. Consolidated Ind. School Dist.*, 181 Iowa 424; *Harvey v. Kirton*, 182 Iowa 973, 977; *Crawford v. School Township*, 182 Iowa 1324; 32 Cyc. 1415; *Hammer v. Narverud*, 142 Minn. 199 (171 N. W. 770).

That the point was made by the plaintiffs in the court below is not questioned, and, unless we must hold that this case does not fall within the scope of the rule, it compels an affirmance upon both appeals here under consideration. Counsel for appellants, recognizing the force of this suggestion, say that the intervention by the District of Cedar Falls "is not a direct attack upon the so-called town of Cedar Heights, or upon those who claim to represent it in an official capacity, or upon the

proceedings by which it claims to have effected its official existence.'' They further say:

"The questions presented by the petition of intervention are merely emergent or incidental, and hence it is proper to seek relief in a court of equity, the action in quo warranto not being the only remedy available to intervener."

But if, as the quoted language seems to concede, the corporate organization and capacity of Cedar Heights are not open to ''direct attack'' by the interveners in this proceeding, it is difficult to understand by what principle of law, or upon what precedent, we can justify a holding that the same end may be reached and the same alleged fatal defect in the corporate organization be established *indirectly* in an action other than the one provided by our statute, Chapter 9, Title XXI, Code.

While there is a seeming confusion in our decisions as to the exclusive character of the remedy by quo warranto when the court is asked to hold void the organization of a municipal corporation, the discrepancy in the holdings is more apparent than real, and grows out of the fact that, in several instances, questions of this character have been tried in suits for injunction or other equitable relief, without any objection on either side that the action should have been in quo warranto; and it was not until the more recent decision in *Nelson v. Consolidated Ind. School Dist.*, 181 Iowa 424, was handed down, that the proper practice was thoroughly discussed, and the exclusive character of the remedy by quo warranto definitely and clearly recognized. The one case which gives any apparent ground for appellant's contention is *School Twp. v. Wiggins*, 122 Iowa 602. There is some discussion in the cited case quite in harmony with appellant's argument; but, when we look into its history, it will be seen that it in no manner limits the effect of the holding in the *Nelson* case. The *Wiggins* case was before this court on three occasions. *District Township v. Wiggins*, 110 Iowa 702; *School Township v. Wiggins*, 122 Iowa 602; *School Township v. Wiggins*, 142 Iowa 377.

The effect of these decisions was considered by us in disposing of the *Nelson* case, and the language used by Mr. Justice Bishop in *School Township v. Wiggins*, 122 Iowa 602, was construed as being no more than an expression of opinion by its

author, that, where an incorporation is shown to be "merely colorable, and effected secretly and fraudulently, with the wrongful purpose of attaining results not authorized by law," equity may interfere to enjoin the wrongdoers. In such case, we said the alleged organization would be but a circumstance or incident in carrying out the unlawful design, "and undoubtedly might be the subject of investigation as an emergent issue, at the instance of a private litigant."

But surely, the rule so stated, if it be a rule, can have no application here. The fact that proceedings were had in the district court in apparent conformity to the statute, and that judgment was entered therein, confirming the corporation and adjudging it to be duly perfected, is conceded. So far as appears, the proceedings were marked with no secrecy or fraud. Barring the alleged defect with reference to a single name upon the petition, no objection is made that the proceedings were in any manner irregular. Until that judgment is vacated, set aside, or reversed, or in some other appropriate manner held for naught, Cedar Heights has prima-facie authority to exercise all the functions and powers of a duly organized town, and the school district of Cedar Heights is clothed with authority to demand and receive from the county treasurer the school taxes collected upon the property within its territory.

To avoid this, and to be in position to demand payment of the school moneys into its own treasury, the district of Cedar Falls must successfully attack the corporate organization of Cedar Heights. This is no mere "incidental or emergent issue." It is the one central and paramount issue raised by the interveners. If there be any incidental or "emergent" issue presented, it is the diversion of the taxes from the district of Cedar Heights to the district of Cedar Falls which will follow as an incident of an adjudication that the judgment incorporating Cedar Heights is void. But following our holding in the *Nelson* case, and subsequent decisions to the same effect, such an adjudication is reserved by the statute for proceedings in quo warranto.

The authorities along the line in other states are very numerous and uniform. Quite in point are *Hammer v. Narverud,* 142 Minn. 199 (171 N. W. 770); *School District v. Board of*

*County Com.,* 15 Wyo. 73, and other precedents cited by us in the *Nelson* case. This conclusion is sought to be avoided by an allegation that one of the signatures to the petition for incorporation was that of a person not qualified therefor. Because of this alleged defect, it is argued that the district court did not acquire jurisdiction to entertain the proceedings, and that the judgment declaring and affirming the due incorporation of Cedar Heights is, therefore, void. But even if the alleged defect exists, and is of the serious character asserted by appellants, it does not follow that it presents any exception to the rule that the challenge to the organization of the town must be by quo warranto. The defect, if it exists, is not apparent upon the face of the record. The proceeding to incorporate is, under our statute, judicial in character; the court is a court of record, having jurisdiction of the subject-matter of the proceeding; and the judgment entered by it is supported by a presumption of regularity which is not open to question, except it be upon a direct challenge in a proper proceeding instituted for that purpose; and, as we have seen, the proper proceeding for that purpose is quo warranto.

But even if we were to ignore the necessity for so proceeding in this case, we should be compelled to hold that appellants cannot be heard to question the sufficiency of the signatures to the petition for the incorporation of Cedar 2. Evidence: presumption of Heights. The district court to which that petivalid proceeding. tion was presented was clothed with authority to pass upon its sufficiency under the statute, and upon the number and qualification of the petitioners. The presumption that the court did its duty in this respect, and properly found that the petition complied with the statutory requirements will not be inquired into in a collateral proceeding. *Ryan v. Varga,* 37 Iowa 78.

This conclusion applies with equal force to the objection that the election on March 13, 1916, for the extension of the limits of Cedar Falls had the effect to nullify the pending proceedings for incorporation of Cedar Heights and the judgment entered therein on the following day. This is only another form or ground of collateral attack upon the validity of the incorporation, and as such is not here available.

Whether, when proceedings had been instituted for the incorporation of Cedar Heights, and the court had acquired jurisdiction thereof, it was legally within the power or authority of the city of Cedar Falls to oust such jurisdiction and defeat the incorporation by extending its tentacles and drawing the same territory into its own embrace, is not discussed by counsel, and is a question we do not consider or decide.

Appellees have raised certain objections to the validity of the extension of the city boundaries of Cedar Falls, because of alleged defects in the resolution of the council and in the notice of the election called for that purpose; but the conclusions we have already announced make it unnecessary for us to consider this phase of the case, and we pass the objections without decision.

There was no error in the rulings of the trial court in either case, and the judgments appealed from are both—*Affirmed.*

All the justices concur.