L. A. ANDREW, State Superintendent of Banking, Appellee, v. COMMERCIAL SAVINGS BANK, Appellee; AMERICAN SURETY COMPANY OF NEW YORK et al., Interveners, Appellants.

APRIL 3, 1928.

*Parrish, Cohen, Guthrie & Watters,* for Southern Surety Company, appellant.

*Comfort & Comfort,* for Massachusetts Bonding & Insurance Company, appellant.

*Carr, Cox, Evans & Riley*, for American Surety Company of New York, appellant.

*Ben J. Gibson, Max A. O'Brien*, and *S. S. Faville*, for L. A. Andrew, receiver, and Commercial Savings Bank, appellees.

*Vernon L. Seeburger*, for Polk County, Allen Munn, and E. R. Bennett, Appellees.

*Clark & Byers*, for Fred German *et al.*, Appellees.

WAGNER, J.—The Commercial Savings Bank, located in Des Moines, ceased doing business on the 31st day of December, 1924. Shortly thereafter, Robert L. Leach, the then superintendent of banking, was appointed receiver, and upon his resignation, L. A. Andrew, the present superintendent of banking, was substituted as said receiver. E. R. Bennett was the treasurer of Polk County from January 1, 1921, to January 1, 1925, and Allen Munn was elected to succeed him. At the time of the closing of the bank, there was on deposit therein of funds belonging to Polk County, the sum of $188,668.33. There is no claim made that the action of the county treasurer in depositing the funds in said bank was unauthorized or illegal. The statutory law then in force with reference to the depositing by the county treasurer of the funds of the county in a bank is found in Section 1457, Supplement to the Code, 1913, as amended by Chapter 114 of the Acts of the Thirty-ninth General Assembly. Said section, as amended, provides:

"* * * the county treasurer shall, with the approval of the board of supervisors as to place of deposit, by resolution entered of record, deposit such funds in any bank or banks in the state to an amount fixed by such resolution at interest at the rate of at least 2½ per cent per annum on ninety per cent of the daily balances payable at the end of each month, all of which shall accrue to the benefit of the general county fund; but before such deposit is made, such bank shall file a bond with sureties to be approved by the treasurer and the board of supervisors in double the amount deposited, conditioned to hold the treasurer harmless from all loss by reason of such deposit or deposits; provided that in cases where an approved surety company's bond is fur-

nished, said bond may be accepted in an amount equal to ten per cent more than the amount deposited. Said bond shall be filed with the county auditor and action may be brought thereon either by the treasurer or the county as the board of supervisors may elect.''

On March 8, 1923, the bank, with the Massachusetts Bonding & Insurance Company as surety, executed a depository bond in the amount of $50,000; on March 7, 1923, the bank, with the American Surety Company of New York as surety, executed a depository bond in the sum of $50,000; on December 30, 1922, the bank, with the Southern Surety Company as surety, executed its depository bond in the sum of $100,000. It is undisputed that all of the aforesaid bonds were in full force and effect at the time of the closing of the bank. On April 4, 1924, the bank, with Johnson Brigham, E. G. Linn, Claude Nichols, John A. Elliott, C. F. Frazier, Fred German, and Ed J. Raymond, executed its depository bond in the sum of $300,000. This latter bond was approved on the 15th day of April, 1924. As to the contentions of the sureties on this bond, more will be said hereafter in this opinion.

E. R. Bennett, the former county treasurer, Allen Munn, the present treasurer, and Polk County, filed a claim in the receivership proceeding for the amount on deposit at the time of the closing of the bank, with interest, and on the same day, filed what is denominated a cross-petition against all of the sureties on the aforesaid bonds, and asked judgment against them. The pleadings are quite voluminous, and we deem it unnecessary to set out their contents in detail. Identically the same issues as to a preference by the county, subrogation, and constitutionality of the present statute were raised as among the county, the ex-treasurer, the present treasurer, and the sureties on the bonds, and in the same manner, as were raised by the parties in *Leach v. Commercial Sav. Bank*, 205 Iowa 1154; and repetition of what we there said, or further discussion with reference to the issues raised, is unnecessary. The decision in said case is determinative of every question in the instant case, except as to the rights of the sureties as among and against one another.

There was no appearance for Claude E. Nichols, one of the private sureties on the aforesaid bond, and the cause as to him was continued.

Among other things, the decree rendered by the trial court provides:

"That the sureties on the personal bond of the defendants herein are not liable either to Polk County, Iowa, or to either of the cross-petitioners and interveners, and this cause should, as to such personal sureties,—to wit, John A. Elliott, C. F. Frazier, Ed J. Raymond, Johnson Brigham, E. G. Linn, and Fred German,—be, and is hereby, dismissed."

The correctness of this portion of the decree is raised by the pleadings in the case, and properly presented by the appeal of the surety companies. The surety companies, by cross-petitions, alleged, in substance, that they and the sureties on the $300,000 bond are cosureties, and in this action in equity ask that the rights and liabilities of all such sureties be fixed and determined, and that they be given the right of contribution as against all other cosureties, and for other equitable relief.

The personal sureties pleaded, as a defense, that the bond signed by them was delivered, conditioned that the same should become effective for the security of additional deposits thereafter to be made by the county treasurer, and not otherwise; that the deposit at the time of the making and execution of said bond in said bank was more than $209,000; and that the additional deposits placed in said bank by the county treasurer were all paid, discharged, and liquidated.

This is substantially the same defense as was claimed by Waterbury in *Leach v. Commercial Sav. Bank*, 205 Iowa 975. The sureties on the $300,000 bond were all stockholders and directors of the Commercial Savings Bank. Elliott was president of said bank. It appears that the bank was anxious to receive more of the deposits of the county in April, 1924, and German, a former county treasurer of Polk County, was delegated to take up the matter with the county treasurer.

Over objection by claimant and by all of the surety companies, Bennett testified that German came to his office, and asked if the bank could have some more money on deposit, and that he told German that the deposit then was up to the legal amount allowed under the bonds then in force; that German then asked whether, if the bank furnished a personal bond, he (Bennett) would then deposit more money; and that he told German that, if the bank would furnish a personal bond in the

amount required, with sureties to be approved by the board of supervisors, he would deposit some additional money temporarily, while the heavy receipts for the office were on; that the regular distribution which would be made between May 15th and May 20th would deplete the funds, or the account, so that it would be covered by the surety company bonds; that it was understood that German was to get the bond. Bennett was asked the question:

"Did you tell the board of supervisors or any of them of the conversation you had and circumstances involved in making this additional deposit?"

And the witness answered: "I don't recollect any conversation with the board."

There was testimony, over the objection by all the other parties, to the effect that the signers of the bond were informed, before signing the same, of the conversation between German and the county treasurer.

On April 15, 1924, the day when the bond was approved by the board of supervisors, the county treasurer deposited with the bank the sum of $153,000. It appears that, on May 1, 1924, the county had on deposit in said bank $366,000; on July 1, 1924, the amount had been reduced to $99,000; but on October 1, 1924, it had been increased to $268,000.

Under the statutory law hereinbefore quoted, if reliance was placed solely upon the surety company bonds, the amount which the treasurer could have legally deposited in said bank was $180,000. The $300,000 bond was identical in phraseology with the bonds executed by the surety companies; they were all statutory bonds.

We find it unnecessary to determine the admissibility of the oral testimony by which it is sought to establish the non-liability of the sureties on the $300,000 bond upon the reduction of the deposits in the bank to an amount coverable by the surety company bonds; for, as held in the last case hereinbefore cited, the sureties on the $300,000 bond intended to, and did, execute a statutory bond; and were bound to know, when it was executed, that it became binding upon them until terminated by law, and in the manner provided. And we there held, in a case of like character, that the surety companies which signed separate bonds, and the pri-

vate individuals who signed as sureties on another bond, were all cosureties, and upon payment of the judgment by any one or more of the cosureties, they were entitled to contribution as against the others. This is determinative of the instant case.

We therefore hold that all of the sureties, both corporate and personal, are cosureties, and that the decree of the trial court should be modified accordingly, so as to give any one or more of the cosureties making payment of the amount for which they are all liable, the right of contribution as against the others, the personal sureties being held to contribute three fifths of the entire amount for which all are liable; and that the personal sureties be given the same right of subrogation, as against the county and its treasurer, as given the corporate sureties, and on the same basis, terms, and conditions.—*Modified and affirmed.*

FAVILLE, MORLING, and KINDIG, JJ., concur.

STEVENS, C. J., concurs in result.