NEW AMSTERDAM CASUALTY COMPANY, Appellee, v. EDWARD W. BOOKHART et al., Appellants; G. G. BOOKHART et al., Interveners.

No. 40555.

FEBRUARY 17, 1931.

REHEARING DENIED JUNE 20, 1931.

Fred H. Free and J. Henry Eik, for appellants.

Stewart & Hatfield, for appellee.

Fred H. Free, for Ralph Watland, intervener.

A. G. Hess, for Anderson, Lipton & Co., interveners.

Fred H. Free and J. Henry Eik, for G. G. Bookhart, Admr., intervener.

WAGNER, J.—This suit is the sequel of the litigation involved in Bookhart v. Younglove, 207 Iowa 800, where many of the pertinent facts are stated. B. K. Younglove was nominated as executor of the last will and testament of J. M. Bookhart, deceased. The will was duly admitted to probate and the nomination

of Younglove, as executor, was by the court confirmed and on February 21, 1917, he qualified as said executor by subscribing the oath prescribed by law, and by giving bond in the required amount of $25,000.00, with the plaintiff-company as surety. Said bond was approved by the clerk of the District Court of Woodbury County and letters testamentary were issued. Four annual premiums were paid the plaintiff-company as compensation for its obligation as surety for the executor. On February 21", 1921, the defendants, being the widow and a portion of the other beneficiaries of the decedent, signed a bond as sureties for the executor in the same amount as the previous bond, and this bond, so signed by the aforesaid widow and devisees, was filed with and approved by the clerk of the District Court of Woodbury County. On the date of the filing of this latter bond, the court ordered that the bond signed by the surety-company be released and that the said company be discharged, and that in lieu thereof, the latter bond be substituted therefor. On March 7", 1922, the former order of court, bearing date February 21", 1921, releasing the surety-company and substituting the latter bond, was set aside and Younglove was removed as executor and G. G. Bookhart was appointed administrator, with the will annexed, of said estate, and he duly qualified as such officer. The order of removal of Younglove as executor provides:

"It is therefore ordered, adjudged and decreed by the court that the said B. K. Younglove is hereby removed from the office of executor of said estate, *without discharge however of his liability upon any bond or bonds heretofore filed.*"

Younglove failed to account for the funds which came into his hands as executor of said estate. The administrator, with the will annexed, brought an action against the former executor and the surety company for the amount for which said executor should account. Plaintiff-company contested its liability in said action, but the trial court held that said company was liable for the amount, and upon appeal to this court, the action of the trial court, with a slight modification, was affirmed. See Bookhart v. Younglove, 207 Iowa 800. On April 10", 1929, the plaintiff surety company paid the amount of the judgment and interest thereon which, exclusive of costs, amounted at that time to $16,276.74, and brought this action in which they ask that the de-

fendants, sureties on the second bond, be required to contribute to it one half of the amount so paid, and judgment against all of said defendants for said amount. The trial court held with the plaintiff and rendered judgment against the defendants for $8138.37, with interest thereon at 6% from the date of payment. From this judgment, the defendants have appealed.

In Bookhart v. Younglove, the surety-company, a defendant therein (the plaintiff in the instant case), sought to implead the parties made defendants in the instant case. We therein held that the refusal of the court to grant the right to implead the sureties on the second bond (the defendants herein) was without prejudice to the rights of the surety-company, holding that whatever rights the surety-company might have as against the sureties on the second bond, were left open for future litigation among them. Thus, it will be seen that the instant case is for the determination of the rights as between the surety-company and the sureties on the second bond, which, by our pronouncement in Bookhart v. Younglove, 207 Iowa 800, were left open for future determination.

Is the plaintiff, the surety on the first bond, entitled to contribution from the defendants, the sureties on the second bond, as held by the trial court? It is a well recognized rule that, as among cosureties for the same principal and for the same obligation, although the cosureties may have signed different instruments, the right of contribution exists in favor of the cosurety or cosureties who may pay the obligation as against the others. See Leach v. Commercial Savings Bank, 205 Iowa 975; Andrew v. Commercial Savings Bank, 205 Iowa 878; Flickinger v. Price, 165 Iowa 570. As among cosureties, the duty or obligation to make contribution is an implication of the law looking to the equitable apportionment of the burden assumed by all of them. Flickinger v. Price, 165 Iowa 570; Leach v. Commercial Savings Bank, 205 Iowa 975.

In the instant case, both bonds are for the same principal, for the same amount and the conditions in both bonds are identical. In Bookhart v. Younglove, 207 Iowa 800, the surety-company sought to avoid liability, because of the order of court of February 21", 1921, which purported to release it as surety, and ordered that the second bond be substituted therefor and because the order of March 7", 1922, setting aside the order of February

21", 1921, was without notice to it. We there held that the statutory law for the release of a surety, Section 1177-b, Supplement to the Code, 1913, had not been strictly followed, inasmuch as there was nothing of record to show the election of the surety-company to be relieved from liability, and no notice served, and that the court was without jurisdiction to enter the order of discharge of the surety-company on February 21", 1921, and that the liability of said company for any acts of commission or omission by the executor, whether prior to or subsequent to said date, still continued. We there said:

"In the numerous authorities from other jurisdictions hereinbefore cited, it is held that, where there is an attempt to procure the release of the sureties upon the first bond, without following statutory procedure, or without the consent of the interested parties, a second bond, voluntarily given under said conditions, is only additional security. That the sureties on the second bond are liable for any defalcation or devastavit occurring prior to the time of the execution of the second bond, see Brooke v. American Sav. Bank., 207 Iowa 668, and authorities therein cited."

In Brooke v. American Savings Bank, 207 Iowa 668, the guardian had given a bond with Moore and Kingsbury as sureties, and on October 13", 1923, the guardian executed another bond with the Federal Surety-Company as surety, which bond was approved and an order of court granted releasing Moore and Kingsbury as sureties. This order of court was without jurisdiction, because the sureties did not petition for their release in accordance with the statutory law. It was conceded in that case, that the devastavit occurred before the date of the latter bond. We there held that the liability of the surety on the latter bond is only cumulative or additional security, saying:

"Inasmuch as there was no valid release of Moore and Kingsbury from their liability as sureties on the former bond, the law fixes the status of the appellant to be that of additional surety."

We there held that the surety on the latter bond was liable for the devastavit occurring prior to the time of the execution of said bond, citing numerous authorities, which see. Also, see,

People's Bank & Trust Co. v. Nelson, (Okla.) 132 Pac. 493; Beakley v. Cunningham, (Ark.) 165 S. W. 259; Matthews v. Mauldin, (Ala.) 38 So. 849.

The defendants in the instant case, stand in the same relation to the parties secured by the bond as did the Federal Surety Company in the Brooke case; and had the administrator, with the will annexed, brought suit against them on the bond, they would have been liable for identically the same reasons as recovery was upheld against the Federal Surety Company in the Brooke case. Recovery could have been had by the administrator against either or both the plaintiff and the defendants, because they were cosureties for the same principal and for the same obligation.

█ The defendants contend that the bond signed by them is not a statutory bond, but a common law bond, and without consideration. This contention is devoid of merit. No consideration is required to fix liability on a statutory bond. Said bond is a statutory bond. See Andrew v. Commercial Savings Bank, 205 Iowa 878; Leach v. Commercial Savings Bank, 205 Iowa 975; Brooke v. American Savings Bank, 207 Iowa 668.

█ Said bond was executed for the purpose of saving the expense of a surety company bond. It is the same form as the former bond. There can be no doubt that they intended to, and did, execute a statutory bond. As said in Andrew v. Commercial Savings Bank, 205 Iowa 878:

"* * * the sureties on the $300,000 bond intended to, and did, execute a statutory bond, and were bound to know, when it was executed, that it became binding upon them until terminated by law, and in the manner provided."

In the Brooke case we said of the bond of the Federal Surety Company,—a bond of identically the same consequence as the bond signed by the defendants,—"It being a statutory bond, the provisions of the statute are read into it." There is no doubt that the bond in question is a statutory bond.

Section 11888, Code, 1927, provides:

"New bonds may be required by the court or judge thereof, to be given in a new penalty and with new securities, when it is found necessary."

A bond given pursuant to an order under said section is properly denominated an additional bond. The appellants properly contend that their bond was not given pursuant to such an order; but since the prior surety was not legally released, then, under our holdings, the status of appellants is that of additional security. See Brooke v. American Savings Bank, 207 Iowa 668; Bookhart v. Younglove, 207 Iowa 800.

The appellants make some contention that though the bond signed by them became effective, the same was annulled by the subsequent order of court on March 7" 1922 which set aside the order of February 21" 1921 which released the surety company on its bond and which provided that in lieu of the former bond the latter bond be substituted therefor. This contention is devoid of merit. We have already observed that the order of February 21" 1921 did not have the effect of releasing the bond signed by the surety company. See Bookhart v. Younglove, 207 Iowa 800. Moreover, the order of March 7" 1922 provided that the executor "is hereby removed from the office of executor of said estate, *without discharge, however, of liability upon any bond or bonds heretofore filed.*" Still further, as said in the Bookhart case, "the rights as among the Surety Company, signing the first bond, and the beneficiaries, signing the second bond, were in no way affected by the order of March 7, 1922, as there was no notice to or appearance by the surety company." Still further, since there was no valid release of the surety company, from its liability as surety on the former bond, the law fixes the status of the appellants to be that of additional sureties. See Brooke v. American Savings Bank, 207 Iowa 668.

It is claimed by the appellants that the devastavit occurred prior to the time of their signing the bond. There is no competent evidence in the record to that effect. All that the competent evidence shows is, that the bank in which the executor was interested failed in April, 1921, and he failed to account for said funds when demand was made upon him the following year. Moreover, as we have seen, " 'the new bond, or the obligation of the new sureties, relates back, and the two sets of sureties are jointly liable to the distributees and others for whose benefit they have contracted, for the breaches committed prior to the second execution.' " See Brooke v. American Savings Bank, 207 Iowa 668.

The appellants contend that they were induced to sign the bond by reason of fraud practiced upon them. We have read and reread the record with care, and fail to find fraud. There is no competent evidence that the executor did not, at that time, have the funds and that it was not his intention, as soon as practicable, to make distribution. He had already paid four annual premiums to the surety company on a $25,000.00 bond. It was apparently the desire of the beneficiaries who signed the bond, and also of the executor, to save the additional premium necessary to keep the bond in force. The attorney for the former executor was used as a witness for the appellants in the trial of the instant case and he testified, in substance, that, at that time, the heirs were anxious to have a distribution of the money available, and the executor had an idea that he could make a distribution of that to them; that he (the attorney for the executor) later objected, as he felt that the money, according to the provisions of the will, went first to the widow, Mrs. Rebecca Bookhart; and that before a distribution could be made there was some friction among the family, which prevented the distribution. No doubt, the belief of the attorney, as to the rights of the parties under the will, was well founded, as an inspection of the provisions of the will, as shown in Bookhart v. Younglove, 207 Iowa 800, will disclose. Moreover, there is not a particle of testimony as to any false representation or fraudulent concealment on the part of the surety company or its agent. Needless to say, that the sureties on neither bond would have signed as sureties had they believed that the executor would not account for the funds. It is apparent, that the appellants voluntarily signed the bond with the thought in mind to save the expense of the premium for a surety-company bond.

The appellant contends that the court erred in rendering judgment for the entire amount against all of the defendants. The proposition now urged was in no way put in issue by the appellants or otherwise presented to the trial court. It has been our repeated pronouncement that an issue cannot be raised or presented for the first time in this court.

The appellants argue that the appellee surety-company,—a paid surety, is not entitled to contribution as against them,— accommodation sureties. This proposition was determined against

their contention in Leach v. Commercial Savings Bank, 205 Iowa 975. We there said:

"The authorities, so far as we have been able to ascertain, are unanimous in the holding announced in United States F. & G. Co. v. Naylor, 237 Fed. 314, as follows: 'Hence, where some of the cosureties for a common debt have been compensated, but not indemnified, for their suretyship, and others became cosureties for the accommodation of their principals, that fact is immaterial, and the compensated cosureties, who have paid more than their proportion of the common liability, are entitled to contribution from the accommodation cosureties.'

"See, also, United States Fid. & Guar. Co. v. McGinnis' Admr., 147 Ky. 781 (145 S. W. 1112); Lewis' Admr. v. United States Fid. & Guar. Co., 144 Ky. 425 (138 S. W. 305); Fidelity & Dep. Co. v. Phillips, 235 Pa. St. 469 (84 Atl. 432)."

Also see Andrew v. Commercial Savings Bank, 205 Iowa 878.

It is apparent from the foregoing that, while the appellee and appellants signed different instruments, yet both bonds are for the same principal, and for the same obligation, and that they are cosureties for the same obligation. Since the plaintiff has paid the entire amount of the obligation, he is entitled to contribution from the appellants, as cosureties, as held by the trial court. See Leach v. Commercial Savings Bank, 205 Iowa 975; Andrew v. Commercial Savings Bank, 205 Iowa 878; Flickinger v. Price, 165 Iowa 570; Central Banking & Security Company v. United States Fidelity & Guaranty Company (W. Va.), 80 S. E. 121, 51 L. R. A. (N. S.) 797.

During the trial, it was stipulated that on the 25" day of April, 1929, after the payment of the judgment in the case of Bookhart v. Younglove and the New Amsterdam Casualty Company, the plaintiff herein received from the receiver of the Farmers Bank of Lawton, by assignment from the administrator with the will annexed of the estate of J. M. Bookhart, deceased, the sum of $1381.65, which represented certain dividends upon the deposit that B. K. Younglove, as executor of said estate, had in said bank. This amount was not taken into consideration by the court in rendering judgment in favor of the plaintiff and against the defendants. The appellee concedes that the judgment entered should have been decreased by half of said sum,

or $690.83, as of the date it was received. The decrease in the judgment against the defendants in said amount is required in order to place the cosureties on an equal footing, and the judgment is hereby modified accordingly.

We have carefully considered all propositions urged by the appellants for a reversal and find no error, except that a reduction of the judgment in the amount of $690.83, as of the date when the payment was received, should be made. The judgment of the trial court is hereby modified accordingly, and the same is in all other respects affirmed.—Modified and Affirmed.

FAVILLE, C. J., and STEVENS, MORLING, and ALBERT, JJ., concur.

KINDIG and DE GRAFF, JJ., not participating.