NEW AMSTERDAM CASUALTY COMPANY, Plaintiff, v. EDWARD W.
BOOKHART et al., Defendants, Appellants; GEORGE S. WIT-
·TERS, Intervenor; FRED H. FREE et al., Intervenors,
Appellees; HARRY BOOKHART, Intervenor, and
GEORGE G. BOOKHART, Administrator, Garnishee.

No. 44990.

FEBRUARY 13, 1940.

Kenneth V. Hockenbury, for appellants.

Fred H. Free and J. Henry Eik, for intervenors, appellees.

OLIVER, J.—This appeal is a sequel to New Amsterdam
Casualty Co. v. Bookhart et al., 212 Iowa 994, 235 N. W. 74,
76 A. L. R. 897, in which appellee-intervenors, Free and Eik,
were attorneys for appellant-defendants, who were beneficiaries

under the will of J. M. Bookhart, deceased. New Amsterdam Casualty Company, having secured judgment against said beneficiaries, an execution was issued under which the administrator with will annexed of said estate was attached as garnishee. Apparently, distribution of the estate could not be made until the death of decedent's widow, and the garnishment proceedings were by the court continued and the impounded funds ordered retained in the possession of said garnishee-administrator pending further order of court. The widow died in January 1939. Shortly thereafter appellees herein filed in said proceedings their petition of intervention alleging appellants were indebted to them in the sum of $1,500, plus interest, for legal services rendered in said action under written contract secured by written assignment of the interests of said defendants as beneficiaries under said will. Under said assignment intervenors claimed a paramount lien upon all funds in the hands of the garnishee-administrator and prayed that the court determine the amount due them, establish said lien and order payment by said administrator.

This appeal is from an order of court overruling appellants' motion to dismiss said petition of intervention. The question presented by said motion and this appeal is one of procedure. It is contended appellees had no right to intervene in the garnishment proceedings to make claim to the impounded fund. Appellants point out that intervenors' claim is based upon a cause of action new and distinct from the original suit of plaintiff, and that said claim is disputed and has not been reduced to judgment. They also argue that the intervention was not timely because not made before trial of the original action.

These contentions appear to be based upon the thought that the procedure should be governed by the general intervention statute, section 11174, Code of Iowa, 1939. In this case, however, the intervention was not directed to the original suit but to the resulting garnishment proceedings. Therefore, the rule applicable to cases of the latter type is here appropriate.

Code sections 12157 to 12176 govern garnishment under attachment. Section 11677 of the Code refers to garnishment under execution and section 11679 provides:

1152

"Where parties have been garnished under it, the officer shall return to the next term thereafter a copy of the execution with all his doings thereon, so far as they relate to the garnishments, and the clerk shall docket an action thereon without fee, and thereafter the proceedings shall conform to proceedings in garnishment under attachments as nearly as may be."

Code sections 12136 and 12137 permit the intervention in attachment proceedings of a claimant to the attached property or money or an interest in or lien on it and provide for the investigation of such claim and for such order as may be necessary to protect the rights of claimant.

The effect of section 11679 is to permit claimants of liens upon or interests in money or property held by garnishment on execution to intervene and proceed under sections 12136 and 12137 the same as in cases of garnishment under attachment. Such is the established rule. Dolph v. Cross, 153 Iowa 289, 133 N. W. 669; Edwards v. Cosgro, 71 Iowa 296, 32 N. W. 350.

Therefore, the petition of intervention was not vulnerable to the attack made upon it and the trial court properly overruled appellants' motion.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.