IN RE INCORPORATION OF WINDSOR HEIGHTS.

W. J. HEINZ et al., Petitioners, Appellees; CURTIS FISK et al., Interveners, Appellees; T. G. MANN et al., Objectors, Appellants.

No. 46003.

144

**August 11, 1942.**

Chas. Elick, of Des Moines, for appellants.

Wm. N. Plymat and Parrish, Guthrie, Colflesh & O'Brien, all of Des Moines, for appellees.

MILLER, J.—On May 5, 1941, a petition signed by 199 electors was filed in the district court, seeking the incorporation of certain described territory in Walnut township, Polk county, Iowa, pursuant to the provisions of chapter 286, Code, 1939, and proposing the name of Windsor Heights for the town. The legal description of the territory involved was set forth in the petition and a plat thereof was attached. The prayer was that the court set a date for a special election on the proposal, appoint five commissioners to give notice thereof, and that the court make such other orders as might be necessary for the incorporation of the town in the event the election resulted in a favorable decision. On the same day the court appointed five commissioners to conduct the election and prescribed the notice thereof to be given by them. On May 7, 1941, the commissioners published a notice that the election would be held on June 2, 1941, between the hours of 8 a. m. and 8 p. m. at the Windsor Church, 63d Street and University Avenue, Walnut township, Polk county, Iowa.

On May 12, 1941, a petition of intervention, signed by 13 electors or prospective electors, was filed, asserting that they owned certain property in the territory sought to be incorporated and did not desire that it be included in the proposed town. The prayer was that the order of May 5, 1941, be rescinded and set aside and that the court change or limit the territory proposed to be incorporated by excluding therefrom the property owned by them. On the same day the court entered an order that the order of May 5, 1941, be set aside and rescinded and the property described in the petition of intervention was severed from the territory proposed to be incorporated. The original petition herein was presented to the court anew and an order was entered reappointing the same five commissioners for the election for the incorporation of Windsor Heights.

On May 14, 1941, the commissioners published a notice of election which described the territory to be incorporated, with the property described in the petition of intervention excluded therefrom, and fixed the date of election as June 7, 1941, between the same hours and at the same place previously designated. The election was held on June 7, 1941, and re-

sulted in 303 votes "yes" and 222 votes "no." The commissioners filed a report on June 12, 1941, setting forth the results of the election.

On June 17, 1941, 21 electors filed a motion to disaffirm and disapprove the report of the commissioners and to set aside the election for the following reasons: (1) The court was without power to rescind the order of May 5, 1941; (2) the court was without power to order a severance of part of the territory; (3) the court was without power to appoint a second group of commissioners after the first group had been appointed and had taken steps toward incorporation; (4) the notice of election was void because (a) no accurate plat was on file, (b) the territory was not properly described, (c) the notice did not notify the electors what proposition would be submitted to a vote; (5) the commissioners were without power to act because the first group had not been legally discharged; (6) the two notices misled electors as to the actual date of the election; (7) the order of severance caused electors in the severed area to refrain from voting; (8) the judges and clerks of election were instructed to deny the right to vote to those electors living in the area that was severed.

On June 19, 1941, hearing was had and the facts were stipulated to be as above reviewed. On June 23, 1941, the court overruled the objections, approved the report of the commissioners, and ordered that an election of a mayor, treasurer, assessor, and council be held as provided by law. Such an election was held on July 19, 1941, and a report thereon was filed on July 26, 1941. On July 28, 1941, those who had objected to the approval of the first report filed objections to the second report of the commissioners, asserting that the election of officers was illegal and void for all of the reasons asserted in the objections to the report on the election to incorporate. On the same day the court overruled such objections, approved the election, adjudged that the territory was duly incorporated, and discharged the commissioners. On October 23, 1941, the objectors undertook to appeal to this court.

While several questions are raised by appellants, their principal contention is stated thus:

"The principal point of error relied upon and to which most of the formal assignments will go is that the court was without jurisdiction to change the boundaries of the territory proposed to be incorporated after it had appointed commissioners of election. Appellants contend that Section 5591 of the Code of Iowa, 1939, is mandatory and that the court could not by the indirection of rescission of its previous order do what it was required to do before the appointment of commissioners, if it sought to take any action in the premises."

As opposed to the foregoing, appellees contend as follows:

"The position is essentially that the Court had authority to rescind its first order of appointment of Commissioners, then change the boundary and reappoint the Commissioners and that all acts of these Commissioners were in full compliance with the law and a free, open and democratic election held which was devoid of any unfairness, fraud, lack of honesty and that absolutely no prejudice resulted either to these objectors, or the public and therefore the Judgment of Incorporation is in all respects proper and authorized."

Section 5588 of the Code, 1939, provides that inhabitants, who do not reside within a city or town and desire to become incorporated as a town, may apply therefor to the district court by a petition signed by not less than 25 electors. Section 5589 provides that proof of residence may be made by affidavit or otherwise as directed by the court. Section 5592 provides in part as follows:

"Upon compliance with the foregoing provisions of this chapter, the court shall at once appoint five commissioners, who shall at once give notice of an election for incorporation."

Section 5591, relied upon by appellants, provides as follows:

"The court is vested with power to change or limit the territory proposed to be incorporated, before appointing the commissioners as herein provided."

These four sections should be considered together.

The petition filed herein complied with section 5588 and

the proof of residence complied with section 5589. Under section 5592 it was the duty of the court to appoint five commissioners *at once*. This was done. A week later the court determined that the boundaries should be changed. Since the commissioners had been appointed, the provisions of section 5591 were not available unless the order appointing them was vacated. That was done. Then, under section 5591, the court was permitted to and did change the boundaries. The constitutionality of section 5591 is not challenged. Therefore, the question herein is narrowed down to that of the power of the court, on May 12, 1941, to vacate and set aside the order of May 5, 1941. The court held that it had such power. Its holding was right.

Section 10801 of the Code, 1939, provides as follows:

"The record aforesaid is under the control of the court, and may be amended, or any entry therein expunged, at any time during the term at which it is made, or before it is signed by the judge."

This statute appeared as section 243 of the Code, 1897. In construing the same, we state in Holtz v. Smith-Morgan Printing Co., 150 Iowa 91, 92, 93, 129 N. W. 328, as follows:

"Section 243 of the Code confers upon the court very broad powers in this respect which may be exercised even at any time during the term. It may well be assumed that the trial court has a larger latitude of discretion in such matters, while the trial is still pending before it, than it would have after the case had been finally disposed of. While the trial is pending, the power of the court to change or set aside a previous ruling or order therein is presumptively equal to its power to make it in the first instance. Its own change of view may be quite a sufficient reason for such action."

Again, in Hallam v. Finch, 197 Iowa 224, 226, 195 N. W. 352, 353, we state:

"We first determine whether the trial court properly set aside the dismissal of the original action on its own motion. The presumption of regularity is properly invoked and applied under the facts of this case. Furthermore, with or without a statute, a court has undoubtedly inherent power to correct its own rec-

ords during the term, and to set aside, modify, or expunge any order, decree, or judgment; and the power exists until adjournment sine die. Todhunter v. De Graff, 164 Iowa 567, 575.''

There are limits to the discretion of the court in the exercise of such inherent power. But there was no abuse of discretion herein. The order of May 5, 1941, was vacated seven days after it was entered, before the election was had, and when the publication of the notice was the only act done by the commissioners. The plat indicates that the court may have found that the territory which was severed should not have been included in the first instance. The same judge signed the orders of May 12, 1941, and the order of May 5, 1941.

In Younker v. Susong, 173 Iowa 663, 670, 671, 156 N. W. 24, 27, we state:

''It is the duty of the court to sustain an election authorized by law if it has been so conducted as to give a free and fair expression of the popular will and the actual result thereof is clearly ascertained.

''In the absence of fraud, where an election appears to have been fairly and honestly conducted, mere irregularities in the conduct of the election will not invalidate it, where it does not appear that the result was affected, although the circumstances may be such as to subject the officers to punishment. 15 Cyc. 316, 372; Dishon v. Smith, 10 Iowa 212; State ex rel. Smith v. Burbridge, (Fla.) 3 So. 869; Cook v. State, (Tenn.) 16 S. W. 471; Altgelt v. Callaghan, (Tex.) 144 S. W. 1166; Lehigh Sewer P. & T. Co. v. Inc. Town of Lehigh, 156 Iowa 386.''

The purpose of the proceedings herein was to secure an election fairly and honestly conducted. There is no intimation that this was not accomplished. The purpose of this appeal appears to be that of obviating an unsatisfactory result at the polls by resort to legal technicalities that do not in any way affect the merits of the vote. Mere irregularities should not be permitted to frustrate the will of the voters.

Counsel for appellants state:

''The statute in question and indeed the whole chapter on

incorporation is silent on the authority of the court to rescind its order for the appointment of commissioners. Since no such positive authority exists, the court may not arrogate to itself such powers. Conceivably, there are cases where an order might be made—such as that the commissioners died or had shown themselves unfit to discharge their duties, but no cause exists in the case at bar and the acts of the court were wholly unauthorized and void.''

We disagree. We hold that the inherent power of the court to set aside the order of May 5, 1941, included the power to make the orders that were made on May 12, 1941. This holding is decisive of the case.

Since the court had authority to set aside the order of May 5, 1941, there is no merit in the first proposition asserted by appellants, quoted above. Having set aside the order of May 5, 1941, the order of severance on May 12, 1941, was proper, and the order reappointing the commissioners was also proper.

 Considering the orders of May 12, 1941, valid, there is no merit in the fourth objection relating to the notice, plat, and description; at the most the defects relied upon were mere irregularities that did not affect the result of the election. There is no merit in the fifth objection relating to the powers of the commissioners. The sixth objection, that voters were misled as to the date of the election, is not supported by the record. The seventh and eighth objections have no merit in view of our holding that the orders of May 12, 1941, were valid.

 Appellees challenge the jurisdiction of this court to entertain the appeal, asserting that appellants' exclusive remedy was to induce the authorities to challenge the legality of the incorporation by proceedings in quo warranto. The question is a troublesome one.

In the case of Dunn v. Burbank, 190 Iowa 67, 69, 179 N. W. 969, 970, we state:

''Of the questions raised by the demurrer and discussed by counsel, the one which forces itself to the front is that the defense which attempts to impeach the validity of the incorporation of Cedar Heights is one which is not available to the interveners in this case. Stated otherwise, it is objected by plaintiffs

that the validity and regularity of the incorporation of the town are not open to attack in a collateral proceeding, but must be tested, if at all, by direct proceeding in quo warranto. That this is a correct statement of the rule, which will be adhered to where the objection is taken in due time, must be conceded. Nelson v. Consolidated Ind. School Dist., 181 Iowa 424; Harvey v. Kirton, 182 Iowa 973, 977; Crawford v. School Township, 182 Iowa 1324; 32 Cyc. 1415; Hammer v. Narverud, 142 Minn. 199 (171 N. W. 770).''

Again, at page 72 of 190 Iowa, page 971 of 179 N. W., we state:

''The proceeding to incorporate is, under our statute, judicial in character; the court is a court of record, having jurisdiction of the subject-matter of the proceeding; and the judgment entered by it is supported by a presumption of regularity which is not open to question, except it be upon a direct challenge in a proper proceeding instituted for that purpose; and, as we have seen, the proper proceeding for that purpose is quo warranto.''

But the question is not presented herein by a collateral attack. It is presented by an appeal from the judicial determination that the town was legally incorporated. The jurisdiction of the court is not challenged by a motion to dismiss the appeal but solely by a division in appellees' argument. Appellants contend that the right of appeal is present herein and that this distinguishes this case from that of Dunn v. Burbank, supra; also, that the question is not properly raised. They also point out that, even in Dunn v. Burbank, supra, this court proceeded to pass upon the merits of the case although the proceedings were not in quo warranto. However, in view of our holding that there is no merit in appellants' contentions on the merits of the appeal, we do not pass upon the question of the right to appeal herein.

Appellants' motions to strike appellees' amendment to abstract and brief and argument are overruled.

The cause is affirmed.—Affirmed.

WENNERSTRUM, C. J., and GARFIELD, HALE, BLISS, OLIVER, SAGER, and MITCHELL, JJ., concur.