IN RE INCORPORATION OF TOWN OF WACONIA, IOWA.

No. 49157.

(Reported in 82 N.W.2d 762)

864

MAY 7, 1957.

John D. Randall and Merle D. Fishel, both of Cedar Rapids, for appellants.

C. W. Garberson and Donnelly, Lynch, Lynch & Dallas, all of Cedar Rapids, for appellees.

HAYS, J.—This appeal involves the priority of proceedings to incorporate certain real estate into a town of Waconia, Iowa, as against proceedings by the City of Cedar Rapids, Iowa, to annex the same territory. The basic question is, however, one of procedure.

On *September 27*, 1955, the city council of Cedar Rapids adopted a resolution ordering publication of notice of intention of the council to meet on October 6 for the purpose of considering a proposed resolution for the annexation of the territory in question, as is authorized by section 362.26, Code, 1954. The notices were duly published on September 28 and October 5. On October 6 the council adopted a resolution calling for an election on the proposed annexation.

On *September 28*, 1955, petitioners—landowners in the territory involved—filed with the clerk of the court a petition to incorporate a town to be known as Waconia. On the same date the court entered an order (termed a judgment and decree) appointing five commissioners to call and hold an election, as is authorized by sections 362.1 to 362.7 inclusive.

On October 7 the City of Cedar Rapids filed in said cause in the district court a petition of intervention setting forth the matters above related and asked that the order entered on September 28 be rescinded, due to the lack of jurisdiction of the court to enter the same. Date for hearing on the intervention was set for October 10, on which date petitioners filed a special appearance questioning the status of the City as an intervenor. October 12 the court overruled the special appearance. Counsel for petitioners refused to participate further and after a hearing on the intervention the order of September 28 was rescinded.

The trial court found that the first step taken by the City of Cedar Rapids was prior to the filing of the petition by the petitioners, thus depriving the court of jurisdiction to entertain the petition to incorporate. On October 19 petitioners filed a motion to dismiss, and a motion to strike the petition of intervention on the grounds that intervenors were mere interlopers and without authority under rules 75 to 77, Rules of Civil Procedure; also that, at the time the order rescinding the order of September 28 was made, the court lacked authority to so rescind. The motions were overruled and petitioners have appealed.

Three propositions are urged by appellants: (1) Power of court to rescind the order of September 28; (2) sufficiency of the action taken by the city council on September 27 to deprive the trial court of jurisdiction to act under sections 362.1 to 362.7 inclusive; and (3) right of the City of Cedar Rapids to intervene in the matter before the court.

I. It appears without dispute that all of the orders and proceedings in question were made during the same term of the district court. Conceding for the moment that the intervention was authorized, the trial court had ample authority to rescind the order of September 28, 1955. In re Incorporation of Windsor Heights, 232 Iowa 143, 4 N.W.2d 859.

II. Again assuming intervention to be a proper procedure, the question of the priority of proceedings, i.e., annexation by the City of Cedar Rapids and incorporation upon petition of appellants, was properly determined by the trial court under our recent decision in State ex rel. Mercer v. Incorporated Town of Crestwood, 248 Iowa 627, 80 N.W.2d 489, 81 N.W.2d 452, wherein an almost identical factual situation existed.

III. Appellants' final proposition is that appellees had no status as intervenors in the proceedings, the same not being within the purview of rules 75 to 77 inclusive, R. C. P.

The situation presented is, to say the least, a novel one. Rule 75, R. C. P., provides: "Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

Appellee-intervenor alleged an interest in the subject matter of the petition filed by the appellants. It asked for relief adverse to appellants' contention. Upon the filing of the petition of intervention the trial court ordered intervenor to serve petitioners with a copy thereof within a prescribed time. It provided that said petitioners should move or plead thereto not later than 10 a.m., October 10. Said intervention was set for hearing on October 11. On the tenth petitioners filed a so-called "special appearance."

■■ Rule 66, R. C. P., authorizes a defendant to appear specially, for the sole purpose of attacking the jurisdiction of the court. Rule 104(a) provides: "Want of jurisdiction of the person, or insufficiency of the original notice, or its service must be raised by special appearance * * *; and want of jurisdiction of the subject matter may be so raised." The special appearance does not question the jurisdiction of the person of petitioners, and clearly petitioners, having selected this forum, consented to the jurisdiction of the court over their persons as to all legitimate matters that might arise in connection with such proceeding. While notice of such intervention was, by court order, given to petitioners, such notice was not necessary except as the court might order a response thereto at an earlier date than otherwise was allowed by our rules. Massachusetts Bonding & Ins. Co. v. Novotny, 200 Iowa 227, 202 N.W. 588. Nor do we find any direct contention in the special appearance to the effect that the court did not have jurisdiction of the subject matter. By asserting that, under the rules, intervenor had no standing, petitioners question only the right of intervenor to file such a petition. This may not be done by a special appearance. State ex rel. Cairy v. Iowa Co-Operative Assn., 248 Iowa 167, 79 N.W.2d 775.

■ On October 12 the special appearance was overruled. Counsel for appellants then announced that they would proceed under our rules and left the courtroom. The court then proceeded to hear testimony relative to the assertions in intervenor's petition and issued an order rescinding the order of September 28.

On October 19 appellants filed a motion to strike the peti-

tion of intervention, and, subject thereto, a motion to dismiss the same. These motions were based upon the same defense urged in the special appearance which was by reference made a part thereof. On the same date, without any apparent objection as to the time, the court overruled them, restated its belief that it did not have jurisdiction to entertain the petition under section 362.1, and set aside the report of the commissioners as to the favorable election. Notice of appeal was then given.

Under rule 86, after an adverse ruling on a special appearance or on a motion to dismiss, a party may plead over within seven days. While we have serious doubt as to the so-called "special appearance" being in effect other than a motion to strike or to dismiss, in any event counsel were entitled to time to plead further. We think the action of the court in proceeding with a hearing on the merits of the intervention was premature and, but for what later transpired, would require a reversal. However, the subsequent filing of the two motions, the overruling thereof and the order reaffirming the order of October 12 caused the original error to be without prejudice.

Was the ruling of October 19, overruling the motion to strike and to dismiss, proper? We think it was.

Under rule 75 the principal requirement appears to be that the intervenor have an interest in the subject matter of the original proceeding. The subject matter is whether or not under section 362.1 the territory in question may be incorporated into a town. In the Crestwood case, supra, we held under similar facts as appeared here by intervention, there by quo warranto, that it could not so long as proceedings under section 362.27 were pending. As to intervenor being interested in the subject matter, the answer must be yes.

Appellants contend, however, that the instigation of proceedings under 362.1 is not an action as contemplated by rule 75. No authority cited supports this claim. Section 611.1, Code, 1954, states, "Every proceeding in court is an action, and is civil, special, or criminal." Under section 611.2 the present proceeding is a special action. Nowhere have we found where this court has limited interventions to civil actions as defined in section 611.2. In City of Dubuque v. Meuser, 239 Iowa 446,

31 N.W.2d 882, a mandamus action, intervention was approved. New Amsterdam Casualty Co. v. Bookhart, 227 Iowa 1150, 290 N.W. 61, recognized intervention as proper. In In re Incorporation of Windsor Heights, supra, intervention was the procedure used. Intervention is remedial and should be liberally construed to the end that litigation may be reduced and more expeditiously determined. While it is clearly the law that an intervenor must bring himself within the terms of the statute, rule 75, we hold appellee has done so in the instant case.

We find no prejudicial error on the trial in the lower court. The decision of the trial court is correct.—Affirmed.

All JUSTICES concur.